PEOPLE v LUCEY

Docket No. 287446. Submitted January 5, 2010, at Lansing. Decided
    February 2, 2010, at 9:00 a.m.

    Dennis R. Lucey pleaded guilty to attempted third-degree fleeing and
    eluding, MCL 257.602a(3). He was sentenced in the Roscommon
    Circuit Court, Michael J. Baumgartner, J., to 17 to 30 months'
    imprisonment. This was a departure from the intermediate sanction
    specified by the applicable sentencing guidelines and MCL
    769.34(4)(a), which requires the sentencing court to state a substan-
    tial and compelling reason for imposing a prison sentence on a
    defendant whose recommended minimum sentence range has an
    upper limit of 18 months or less. In imposing this sentence, the court
    considered the fact that defendant was on parole for a previous
    offense, but it did not acknowledge on the record that it was
    departing from the guidelines. Defendant appealed by delayed leave
    granted.

    The Court of Appeals held:

    1. A sentencing court's speculation regarding what action the
    department of corrections or the parole board might take in the
    future with respect to a prisoner or parolee within its jurisdiction
    cannot be considered an objective and verifiable fact that could
    serve as a substantial and compelling reason to depart from the
    sentence recommended under the guidelines.

    2. The fact that a defendant might require imprisonment for a
    previous sentence is not a substantial and compelling reason to
    depart from a guidelines' recommended intermediate sanction
    when sentencing that defendant for a subsequent offense.

    3. The arguments raised in defendant's Standard 4 brief
    regarding alleged inaccuracies in the presentence investigation
    report and ineffective assistance of counsel are without merit.

    Convictions affirmed, sentence vacated, and case remanded for
    further proceedings.

1. SENTENCES — SENTENCING GUIDELINES — INTERMEDIATE SANCTIONS — DEPAR-
    TURES.

    A court may not sentence a defendant who is entitled to an
    intermediate sanction under the sentencing guidelines to prison

unless it states on the record a substantial and compelling reason for the departure (MCL 769.34[3]; 769.34[4][a]).

2. SENTENCING — SENTENCING GUIDELINES — INTERMEDIATE SANCTIONS — PRIS-ONERS AND PAROLEES.

A sentencing court's speculation regarding what action the department of corrections or the parole board might take in the future with respect to a prisoner or parolee within its jurisdiction is not an objective and verifiable fact that can serve as a substantial and compelling reason to depart from the sentence recommended under the guidelines (MCL 769.34[3]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Mark Jernigan*, Prosecuting Attorney, and *Anica Letica*, Assistant Attorney General, for the people.

*Bart R. Frith* and Dennis Lucey, *in propria persona*, for defendant.

Before: BECKERING, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM. Defendant appeals by delayed leave granted the sentence of 17 to 30 months in prison imposed on his plea-based conviction of attempted third-degree fleeing and eluding, MCL 257.602a(3).[1] We affirm defen-

---

[1] Defendant apparently pleaded guilty to a charge of attempted third-degree fleeing and eluding under the general attempt statute, MCL 750.92. The information and judgment of sentence cites the underlying offense as MCL 257.602a(3), a violation of the Michigan Vehicle Code. However, the general attempt statute does not apply to MCL 257.602a(3) because MCL 750.92 only prescribes a criminal penalty when a criminal offense is attempted and "no express provision is made by law for the punishment of such attempt." But MCL 257.602a(1) includes "attempting to flee or elude [an] officer" as being the substantive offense. The offense is elevated to third-degree fleeing and eluding by certain aggravating circumstances, or where the defendant has prior convictions for substantially similar conduct. MCL 257.602a(3). Moreover, MCL 257.204b(2) provides: "The court shall impose a criminal penalty for a conviction of an attempted violation of [the

dant's convictions[2] but remand for resentencing or rearticulation of a substantial and compelling reason for departing from the sentencing guidelines.

The sentencing guidelines recommended a minimum term of 5 to 17 months.[3] The trial court sentenced defendant to 17 to 30 months in prison to run consecutively to the sentence for which defendant was serving parole at the time he committed the instant offenses. On appeal, defendant argues that the trial court failed to articulate on the record a substantial and compelling reason for departing from the sentencing guidelines. We agree.

Under the statutory sentencing guidelines, a trial court is generally required to impose a minimum sentence in accordance with the appropriate sentence

Michigan Vehicle Code] . . . in the same manner as if the offense had been completed." Thus, both third-degree fleeing and eluding and "attempted" third-degree fleeing and eluding are punishable by "imprisonment for not more than 5 years." MCL 257.602a(3). Generally, when a court imposes an indeterminate prison sentence, the court must set as the top end the "maximum penalty provided by law . . . ." MCL 769.8. Here, defendant pleaded guilty with the understanding that his maximum sentence could not exceed 30 months, one-half the maximum for the completed offense. MCL 750.92(3).

[2] Defendant also pleaded guilty to a charge of operating a motor vehicle while visibly impaired, MCL 257.625(3), and was sentenced to pay a fine of $100 and costs of $100.

[3] Defendant's prior record variable (PRV) score was 140 points (PRV level F). His offense variable (OV) score was 25 points (OV level III). Third-degree fleeing and eluding is categorized by the sentencing guidelines as a public safety offense and as a class E felony, MCL 777.12e. If defendant's guidelines score had been applied to the class E guidelines grid, MCL 777.66, his guidelines recommended minimum sentence would have been 14 to 29 months. However, because the conviction was for an "attempt," MCL 777.19(3)(b) requires the sentencing court to use the class H guidelines grid. On the class H guidelines grid, MCL 777.69, the OV score column tops out at 16+ points and the PRV score row tops out at 75+ points. The top class H cell provides the recommended minimum sentence of 5 to 17 months.

range. MCL 769.34(2). A court may depart from the range set forth in the guidelines if it states on the record a substantial and compelling reason for doing so. MCL 769.34(3); *People v Harper*, 479 Mich 599, 616; 739 NW2d 523 (2007).

The interpretation and application of statutory sentencing guidelines are legal questions that we review de novo. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). Whether a factor justifying departure from the sentencing guidelines exists is a factual determination for the trial court, which we review for clear error. *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003). We review the issue of whether a particular factor is objective and verifiable as a matter of law. *Id.* We review the determination that the objective and verifiable factors constitute substantial and compelling reasons to depart from the guidelines for an abuse of discretion. *Id.* at 264-265.

Here, the guidelines recommended a minimum term range of 5 to 17 months. But, because the upper recommended minimum sentence range was 18 months or less, the trial court was required to impose an intermediate sanction unless it stated on the record a substantial and compelling reason to sentence defendant to prison. MCL 769.34(4)(a); *People v Stauffer*, 465 Mich 633, 635-636; 640 NW2d 869 (2002). MCL 769.34(4)(a) provides:

> If the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines set forth in [MCL 777.1 *et seq.*] is 18 months or less, the court shall impose an intermediate sanction unless the court states on the record a substantial and compelling reason to sentence the individual to the jurisdiction of the department of corrections. An intermediate sanction may include a jail term that does not exceed the

upper limit of the recommended minimum sentence range or 12 months, whichever is less.

MCL 769.31(b) defines "intermediate sanction" as "probation or any sanction, other than imprisonment in a state prison or state reformatory, that may lawfully be imposed." Thus, a prison sentence cannot constitute an intermediate sanction. *Stauffer*, 465 Mich at 635; *People v Muttscheler*, 481 Mich 372, 375; 750 NW2d 159 (2008).

At sentencing, defense counsel noted that the sentencing guidelines indicated a sentence range of 5 to 17 months, and that a county jail sentence was appropriate. The probation officer explained his recommendation for a prison sentence:

> *Officer*: Your Honor, it is what the department called a location departure. That is due to this defendant's prisoner status as a parolee and his lack of—his inability to receive any credit for time served due to parole status. It is technically called a location departure, your Honor.
>
> *The Court*: Okay. So he has got to serve the balance of his sentence on the previous charge before he starts this one?
>
> *Officer*: That is correct, your Honor.

Defense counsel countered that defendant's parole status and prior criminal record did not provide reasons for a departure from an intermediate sanction because they had been accounted for in scoring the guidelines. The prosecutor contended the guidelines did not adequately account for defendant's extensive criminal history and his failures at rehabilitation. After these arguments, the trial court imposed its sentence as follows:

> I don't know how we can accomplish it[;] if we sentenced him to county jail, and he had to finish his parole we could take him to prison and bring him back. I am not going to go there. So I am going to sentence you, Mr. Lucey, to a

location departure, sentence you to not less than seventeen months nor more than thirty months with the Michigan Department of Corrections.

\* \* \*

And you are—this sentence will be consecutive to completion of the sentence upon which you are under parole.

Defense counsel informed the court that the court needed to advise defendant of his right to appeal the sentence because it represented a departure. The trial court responded:

I understand. I have already explained that it is not longer. It is seventeen months. That is what the guidelines are, five to seventeen. And as indicated, it's a location departure. He is going to have to—it is consecutive to his—consecutive to his current sentence.

I gave those forms to—I have explained that it is a location departure as indicated that he is going to have to serve that before he starts his—this sentence. I am not going to have that situation. Indicate that because he is on parole status he is not entitled to any credit for time served.

In *People v Ratliff*, 480 Mich 1108 (2008), our Supreme Court suggested that the logistical inconvenience that may occur when sentencing a parolee to an intermediate sanction does not constitute a substantial and compelling reason for departure from the sentencing guidelines. The Court stated in an order in lieu of granting leave to appeal:

The trial court's assumption that the defendant would be required to serve additional prison time on his parole sentence before serving the instant sentence was not objective and verifiable, and in fact was erroneous. Furthermore, the possibility of a current prisoner or parolee serving a sentence in the county jail does not relate to the

seriousness of the offense or the culpability of the offender, and is not a compelling reason to deny the defendant an intermediate sanction to which he is entitled by statute. [*Id.*]

We read the *Ratliff* order as establishing two principles. First, what action the department of corrections or parole board might take in the future with respect to a prisoner or parolee within its jurisdiction cannot be considered an objective and verifiable fact that could serve as a substantial and compelling reason for departure from the guidelines' recommended sentence. See *Babcock*, 469 Mich at 256-258. Second, that a defendant might require imprisonment for a previous sentence is not a substantial and compelling reason to depart from a guidelines' recommended intermediate sanction when sentencing that defendant for a subsequent offense—in other words, there is no such thing as a "location departure." The fact that a defendant might have to serve county jail time following additional prison incarceration for a parole violation cannot be a substantial and compelling reason to depart from the sentencing guidelines. MCL 769.34(4)(a).

At sentencing, the prosecutor stressed that a departure was appropriate in light of defendant's extensive criminal history, which had not been given adequate weight by the guidelines. On appeal, the prosecutor argues that although the trial court did not explicitly cite defendant's criminal record as the basis for the departure, the proximity of its argument to the trial court's imposition of its sentence allows for such an inference. We agree that a court may find that an offense characteristic or offender characteristic that has already been taken into account in scoring the guidelines but given inadequate or disproportionate weight provides a substantial and compelling reason for a guidelines departure. MCL 769.34(3)(b). Thus, a defen-

dant's criminal history that has not been given adequate weight by the guidelines may provide a substantial and compelling reason to depart from the guidelines recommended sentence. *Harper*, 479 Mich at 638. Nevertheless, MCL 769.34(3) requires the trial court to "state[] on the record the reasons for departure." The *Babcock* Court explained that because of MCL 769.34(3),

> it is not enough that there *exists* some potentially substantial and compelling reason to depart from the guidelines range. Rather, this reason must be articulated by the trial court on the record. Accordingly, on review of the trial court's sentencing decision, the Court of Appeals cannot affirm a sentence on the basis that, even though the trial court did not articulate a substantial and compelling reason for departure, one exists in the judgment of the panel on appeal. Instead, in such a situation, the Court of Appeals must remand the case to the trial court for resentencing or rearticulation. The obligation is on the trial court to articulate a substantial and compelling reason for any departure. As discussed below, the obligation of the Court of Appeals is to *review* the trial court's determination that a substantial and compelling reason exists for departure. [*Babcock*, 469 Mich at 258-259 (emphasis in original).]

Because a "location departure" does not provide a substantial and compelling reason for not imposing an intermediate sanction, *Ratliff*, 480 Mich at 1108, and because it is not even clear on this record that the trial court realized its sentence was a guidelines departure, we must remand this case to the trial court for resentencing or rearticulation. *Babcock*, 469 Mich at 258-259. On remand, the trial court must either impose an intermediate sanction, or, if the court elects to affirm its departure from the sentencing guidelines, state on the record a substantial and compelling reason to sentence defendant to the jurisdiction of the Department of Corrections. MCL 769.34(4)(a).

Defendant has also filed a Standard 4 brief in which he argues that the presentence investigation report (PSIR) contained false statements and inaccuracies and that he was deprived of the effective assistance of counsel because counsel failed to properly investigate the case and raise meritorious defenses. Defendant's arguments are without merit.

We review a trial court's response to a claim of inaccuracy in the PSIR for an abuse of discretion. *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). A "sentencing court must respond to challenges to the accuracy of information in a presentence report; however, the court has wide latitude in responding to these challenges." *Id.* The trial court may determine that the challenged information is accurate, accept the defendant's version, or disregard the challenged information as irrelevant. *Id.* If the court chooses to disregard the challenged information, it must indicate that it did not consider the information when fashioning the sentence and it must strike the information from the PSIR. *Id.* at 649.

When reviewing a claim of ineffective assistance arising from a guilty plea, our inquiry is whether the plea was made voluntarily and understandingly. *People v Watkins*, 247 Mich App 14, 31; 634 NW2d 370 (2001), aff'd but modified on other grounds 468 Mich 233; 661 NW2d 553 (2003). The pertinent question is not whether counsel's advice was right or wrong; rather, it is whether counsel's advice was within the range of competence for attorneys in criminal cases. *Id.*; *People v Thew*, 201 Mich App 78, 89-90; 506 NW2d 547 (1993).

Defendant challenged the accuracy of the victim's impact statement, which described how the victim injured his arm while attempting to apprehend defendant. The trial court declined to change the victim's

impact statement because it considered that portion of the report to be inherently subjective, explaining, "[T]hat is what the victim said. Whether that is what happened, that is what he remembers." The trial court did not abuse its discretion by declining to change this portion of the PSIR.

Defendant also challenged the part of the PSIR that indicated he had a history of substance abuse dating back to 1980. Defendant argued that he abstained from drugs while in prison, a fact that should be noted in the PSIR. The probation officer argued that the personal history section was intended to convey defendant's historical propensity for drug use and did not include periods of abstinence. The trial court adopted the probation officer's rationale and declined to alter the PSIR. This response was not an abuse of discretion.

Defendant also challenged the PSIR's characterization of his behavior on the night of the instant offense as reflecting defendant's past behavior and that he appeared to be "casing" houses. Defendant challenged the PSIR author's conclusions as opposed to the factual bases from which those conclusions were drawn. Accordingly, the trial court did not abuse its discretion in retaining this opinion-based passage in the PSIR. See *People v Wybrecht*, 222 Mich App 160, 173; 564 NW2d 903 (1997).

Defendant also claimed that, contrary to the statement in the PSIR, the Michigan state trooper failed to identify himself as a police officer when defendant and his companion demanded he do so. The trial judge declined to change the PSIR, stating, "I am satisfied that it's an appropriate statement and there is some basis in fact, not just pulling it out of the air." When a defendant raises an effective challenge to the accuracy of information contained in the PSIR, the burden shifts

to the prosecution to prove the disputed factual assertions in the PSIR by a preponderance of the evidence. See *People v Callon*, 256 Mich App 312, 333-334; 662 NW2d 501 (2003). Defendant has not supported his challenge; therefore, we conclude that the challenge was not effective and that the trial court did not abuse its discretion by declining to change the PSIR.

Defendant asserts for his claim of ineffective assistance of counsel that counsel failed to properly investigate the case and to raise meritorious defenses; however, defendant does not claim that his plea was involuntarily or not understandingly made. Thus, defendant has not carried his burden of demonstrating that counsel provided ineffective assistance. *Watkins*, 247 Mich App at 30-31.

We affirm defendant's convictions, but remand for resentencing or rearticulation of a substantial and compelling reason for departing from the sentencing guidelines on defendant's sentence for attempted third-degree fleeing and eluding. We do not retain jurisdiction.