# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHAD ELSON RUTZ,

Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 317840
Hillsdale Circuit Court
LC No. 13-372965-FH

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant, Chad Elson Rutz, pleaded guilty to first-degree retail fraud, MCL 750.356c. The trial court sentenced him to serve 36 to 60 months' imprisonment. Rutz appeals his sentence by leave granted. We affirm.

## I. FACTS

On August 8, 2012, Rutz committed retail fraud by taking a car stereo out of its box, concealing it under his clothing, and leaving a store without paying for it. After his arrest, Rutz admitted to police that he had committed the theft and others to support his crack cocaine habit.

The trial court assessed Rutz 20 points for Prior Record Variable (PRV) 2, 15 points for PRV 5, 10 points for PRV 6, and 20 points for PRV 20. Rutz's total PRV score was 65 points. The trial court also assessed Rutz 10 points for Offense Variable (OV) 13 and one point for OV 16. Rutz's total OV score was 11 points. First-degree retail fraud is a Class E offense. MCL 777.16r. Accordingly, Rutz's recommended minimum sentence was 10 to 23 months' imprisonment. MCL 777.66.

The trial court sentenced Rutz to serve 36 to 60 months' imprisonment. The trial court's sentence was a thirteen-month upward departure from the sentencing guidelines. The trial court stated that Rutz had committed a total of eight misdemeanors and eight felonies. Rutz had been in jail five times, prison four times, and on probation six times. Rutz violated his probation four times. Rutz had five alcohol or controlled substance offenses and nine theft offenses.

The trial court gave three reasons for its upward departure. First, it determined that OV 13 did not adequately consider the repetitive nature of Rutz's criminal conduct. Second, it determined that the guidelines did not account for Rutz's repeated probation violations, including

his five previous probations and three prior probation violations. Third, it determined that the guidelines did not consider Rutz's failure to rehabilitate, his nine years of marijuana abuse, his seven years of cocaine abuse, and his failure to complete a treatment program in 2007. The trial also court found that Rutz needed "long-term discipline, reformation, treatment and deterrence."

## II. STANDARD OF REVIEW

When reviewing a trial court's grounds for departing from the sentencing guidelines, this Court reviews for clear error the trial court's finding that a particular factor supports a departure. *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003). We review for an abuse of discretion the trial court's determination that the factors in a particular case are substantial and compelling reasons to depart from the guidelines, and also review for an abuse of discretion the extent of the trial court's departure. *Id*. at 264-265; *People v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008). The trial court abuses its discretion when its outcome falls outside the range of principled outcomes. *Smith*, 482 Mich at 301.

## III. ANALYSIS

Rutz contends that the trial court erred because its stated reasons for departure were related to Rutz's criminal history. According to Rutz, OV 13 and PRVs 2 and 4 adequately accounted for his criminal history. We disagree.

Our Legislature has enacted sentencing guidelines. MCL 769.34. A trial court may depart from the appropriate guidelines range only if it states on the record substantial and compelling reasons for the departure, and the facts that support those reasons are objective and verifiable, keenly grab our attention, and are of "considerable worth" when determining a sentence. MCL 769.34(3); *Babcock*, 469 Mich at 257-258. We closely scrutinize a trial court's departure from the guidelines. *People v Coulter (After Remand)*, 205 Mich App 453, 456; 517 NW2d 827 (1994).

The trial court properly assesses 10 points under OV 13 if the defendant committed "a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property . . . ." MCL 777.42(1)(d). The trial court properly assesses 20 points under PRV 2 if the offender has three prior low-severity felony convictions. MCL 777.52(1)(b). And the trial court properly assesses 20 points under PRV 5 if the defendant has seven or more prior misdemeanor convictions. MCL 777.55(1)(a).

We agree with Rutz that the prior record and offense variables took into account Rutz's criminal history. However, the trial court may consider a characteristic that the guidelines already take into account if it finds that "the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b); *Babcock*, 469 Mich at 258 n 12. The guidelines do not always give a defendant's criminal history adequate weight. See *People v Lucey*, 287 Mich App 267, 273-274; 787 NW2d 133 (2010).

In this case, the trial court determined that the prior record and offense variables did not adequately take Rutz's criminal history into account. As the trial court noted, OV 13 only accounts for a pattern of conduct involving three offenses. However, Rutz's pattern of criminal thefts involved many more than three offenses. And while the prior record variables considered

the number of Rutz's prior offenses, they did not consider that the offenses were all similar, occurred over a period of several years, and that Rutz engaged in a pattern of criminal activity to support his drug habit.

Further, this was only one of the trial court's reasons for departing upward form the guidelines. A defendant's history of recidivism and repeated failure to rehabilitate may support an upward departure. *People v Geno*, 261 Mich App 624, 636; 683 NW2d 687 (2004); *People v Horn*, 279 Mich App 31, 45; 755 NW2d 212 (2008). Rutz does not dispute that the sentencing guidelines do not account for his repeated probation violations and his previous failures to rehabilitate. These reasons also supported the trial court's decision to depart upward.

We conclude that the trial court did not clearly err when it found that the sentencing guidelines did not adequately take Rutz's criminal history into account. We conclude that the trial court did not clearly err when it found that Rutz's repeated probations violations and failure to rehabilitate also supported an upward departure from the sentencing guidelines in this case.

Rutz also contends that the trial court did not sufficiently justify the proportionality of its departure. We disagree.

The trial court's departure must be proportionate to the defendant's conduct and criminal history. *Smith*, 482 Mich at 300. Generally, "the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *Id*. at 305 (quotation marks and citations omitted). The trial court must justify its particular departure by explaining "why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been." *Id*. at 304. The trial court may justify its departure by comparing the facts of the defendant's case against the sentencing grid to explain why its sentence is more proportionate, but this is only *one* potential means of explaining the proportionality of a departure. *Id*. at 306.

In this case, the trial court acknowledged that Rutz's guidelines range was 10 to 23 months' imprisonment. However, it determined that a longer sentence was appropriate because of Rutz's needs for "long-term discipline, reformation, treatment and deterrence." Generally, with a recidivist the criminal, a greater punishment is appropriate. See *id*. at 305. While the trial court did not expressly compare its sentence of 36 to 60 months' imprisonment to the sentencing grid to explain why its sentence was more proportional than the guidelines recommendation, it is not required to do so. We conclude that the trial court's explanation was sufficient.

Affirmed.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey