# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
September 20, 2016

v

DAVID RICHARD SCHULTZ, JR.,

        Defendant-Appellant.

No. 327999
Livingston Circuit Court
LC No. 15-022531-FH

Before: JANSEN, P.J., and K. F. KELLY and O'BRIEN, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of operating a motor vehicle while intoxicated, third offense (OWI 3d), MCL 257.625(1) and MCL 257.625(9)(c). He was sentenced as a fourth habitual offender, MCL 769.12, to 3 to 15 years' imprisonment. He appeals as of right, and we affirm.

Two court officers testified to having suspicions that defendant was drunk when he arrived at a courthouse. The sheriff's department was contacted, and a traffic stop was effectuated after defendant left the courthouse and was observed violating traffic laws. A deputy sheriff had defendant perform a series of field sobriety tests. During these tests, the deputy observed several clues that he found indicative of intoxication. Defendant was arrested and given a breath test, which resulted in alcohol content readings of 0.20 and 0.18 grams per 210 liters of breath.

Defendant first argues that the trial court erred in considering certain prior convictions listed in defendant's presentence investigation report (PSIR). We disagree.

A trial court's response to a challenge to the information in a defendant's PSIR is reviewed for an abuse of discretion. *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v Kosik*, 303 Mich App 146, 154; 841 NW2d 906 (2013).

"Because the Department of Corrections makes critical decisions concerning a defendant's status on the basis of information contained in the PSIR, the PSIR should accurately reflect any determination the sentencing judge has made regarding the accuracy or relevance of

-1-

its information." *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009). Either party may challenge the accuracy or relevancy of any information in the PSIR. *Id.* The trial court has wide latitude in addressing the challenge to the PSIR. *People v Lucey*, 287 Mich App 267, 275; 787 NW2d 133 (2010). The court may adjourn sentencing if necessary to permit the parties to prepare or respond to a challenge. *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). "The information is presumed to be accurate, and the defendant has the burden of going forward with an effective challenge, but upon assertion of a challenge to the factual accuracy of information, a court has a duty to resolve the challenge." *Waclawski*, 286 Mich App at 689. "When the accuracy of the presentence report is challenged, the trial court must allow the parties to be heard and must make a finding as to the challenge or determine that the finding is unnecessary because the court will not consider it during sentencing." *Id.* at 689-690. If a defendant effectively challenges a factual assertion, then the prosecutor has the burden to prove by a preponderance of the evidence the factual assertion. *Id.* at 690. If the court finds the challenged information to be inaccurate or irrelevant, the information must be corrected or removed from the PSIR. *Id.*

At sentencing, defendant argued that a listed 1980 "DUI" conviction out of Florida was a civil infraction, not a misdemeanor. A representative from the Michigan Department of Corrections (MDOC) noted that "the most recent [Law Enforcement Information Network (LEIN)] that was requested on this matter shows it as a conviction for DWI." He explained that this is a misdemeanor conviction. Defendant also challenged a 1983 conviction for theft of personal property out of California, saying that the matter was actually dismissed. The MDOC representative explained that although the felony charge originally was dismissed, "[a] conviction was added for misdemeanor theft," which is documented on the LEIN report. The trial court denied the requests to alter the PSIR.

On appeal, defendant does not identify which convictions he is challenging on appeal, but we presume they are the same two convictions challenged below. Defendant asserts that "[t]he inclusion of these dismissed or mischaracterized charges in Mr. Schultz's PSIR falsely inflates the number of his prior offenses, which made it appear to the trial court (and in the future, the parole board) that he has a much longer prior criminal history than he has." The perfunctory nature of this argument is clear, and we will not assume the responsibility of making an argument for defendant. See *People v Bosca*, 310 Mich App 1, 16; 871 NW2d 307 (2015) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims . . . ."), lv held in abeyance 872 NW2d 492 (2015). Accordingly, defendant abandons the issue on appeal.

Even assuming that defendant did not abandon the issue, defendant did not support his position in the trial court, and his challenge was therefore not effective. The trial court adjourned sentencing for two weeks in order to permit defendant to investigate potential additions, deletions, and corrections to the PSIR. Despite the adjournment, defendant failed to support his position with evidence at sentencing. Therefore, his challenge was not effective. See *Lucey*, 287 Mich App at 277 (noting that the defendant did not bring an effective challenge because he failed to support his challenge). Furthermore, the MDOC representative stated at sentencing that each conviction was described in defendant's LEIN record, which provided support for the prosecution's position. It was within the trial court's discretion to determine whether the challenged information was accurate based on the evidence presented. Therefore, the trial court

did not abuse its discretion in refusing to correct or amend the PSIR. See *Spanke*, 254 Mich App at 648.

Defendant also claims that he is entitled to a remand pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), because his guidelines minimum sentence range was calculated using unconstitutional judicial fact-finding. We disagree.

A defendant must object at sentencing to the court's scoring of the offense variables (OVs) based on the rules of law stemming from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), and *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), to preserve the issue. *Lockridge*, 498 Mich at 392. Defendant did not object on this basis. Indeed, when asked if there were any challenges to the guidelines, defense counsel responded, "None to the guidelines." This issue is unpreserved. This Court reviews an unpreserved issue for plain error affecting substantial rights. *Id.* "To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *Id.* at 392-393.

The *Lockridge* Court concluded that Michigan's sentencing guidelines were constitutionally deficient with regard to "the extent to which the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range." *Lockridge*, 498 Mich at 364. As a result, the Court "sever[ed] MCL 769.34(2) to the extent that it is mandatory and [struck] down the requirement of a 'substantial and compelling reason' to depart from the guidelines range in MCL 769.34(3)." *Id.* at 391. The guidelines were rendered advisory. *Id.* Accordingly,

> [w]hen a defendant's sentence is calculated using a guidelines minimum sentence range in which OVs have been scored on the basis of facts not admitted by the defendant or found beyond a reasonable doubt by the jury, the sentencing court may exercise its discretion to depart from that guidelines range without articulating substantial and compelling reasons for doing so. A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness. Resentencing will be required when a sentence is determined to be unreasonable. Because sentencing courts will hereafter not be bound by the applicable sentencing guidelines range, this remedy cures the Sixth Amendment flaw in our guidelines scheme by removing the unconstitutional constraint on the court's discretion. Sentencing courts must, however, continue to consult the applicable guidelines range and take it into account when imposing a sentence. Further, sentencing courts must justify the sentence imposed in order to facilitate appellate review. [*Id.* at 391-392 (citations omitted).]

The Court concluded that a remand to the trial court is appropriate for "all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the

violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure." *Id.* at 395. The Court stated that in cases involving sentences imposed on or before the date of the *Lockridge* decision, a *Crosby*[1] remand procedure must be followed to determine whether the sentencing court "would have imposed a materially different sentence but for the constitutional error." *Id.* at 397. If the court determines that it would have imposed a materially different sentence, resentencing is required. *Id.*

The trial court's 15-point score for OV 18 was based on judicial fact-finding. OV 18 involves "operator ability affected by alcohol or drugs." MCL 777.48(1). A 15-point score under OV 18 is proper if the "offender operated a vehicle . . . when his or her bodily alcohol content was 0.15 grams or more but less than 0.20 grams per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine." MCL 777.48(1)(b). Defendant was convicted of operating while intoxicated, which, in relevant part, prohibits a person from operating a motor vehicle while "under the influence of alcoholic liquor," MCL 257.625(1)(a), or while having "an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine," MCL 257.625(1)(b). There was evidence at trial indicating that defendant's alcohol content was 0.18 and 0.20, but the jury did not necessarily have to accept this evidence to find him guilty.

Indeed, the accuracy of the instrument used to measure defendant's blood alcohol content was the subject of direct and cross-examination, and was questioned by defense counsel in her closing argument to the jury. Based on the evidence, the jury could have questioned how accurate the device was, but nevertheless concluded that defendant had an alcohol content of more than 0.08 but less than 0.15. Or, it could have found that defendant was simply "under the influence of alcoholic liquor," which does not require any alcohol-content finding. Such findings would be entirely consistent with the jury instructions.[2] Thus, the jury did not find beyond a reasonable doubt the facts necessary to score OV 18 at 15 points.

However, the facts necessary to score OV 18 at 10 points were inherent in the jury verdict. Ten points are scored if the offender operated a vehicle "while the offender was under the influence of alcoholic or intoxicating liquor, . . . or while the offender had an alcohol content of 0.08 grams or more but less than 0.15 grams per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine." MCL 777.48(1)(c). This language mirrors the language used in the OWI statute. See MCL 257.625(1). Thus, in order to find defendant guilty, the jury

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] The court instructed the jury:

> To prove that the defendant operated a motor vehicle while intoxicated the prosecutor must also prove beyond a reasonable doubt that the defendant was either under the influence of alcohol while operating the vehicle or that the defendant operated the vehicle with . . . a bodily alcohol level of .08 grams or more per 210 liters of breath.

necessarily had to find beyond a reasonable doubt the facts necessary to score 10 points under OV 18.

Defendant received 15 total OV-points, putting him in OV-level II. *Id.* Reducing defendant's OV score by five points keeps him in OV-level II, and his guidelines remain the same, i.e., 10 to 46 months. MCL 777.66. Because defendant's guidelines minimum sentence range was not constrained by a Sixth Amendment violation, he has not demonstrated plain error and is not entitled to relief. See *Lockridge*, 498 Mich at 394-395 (noting that cases in which the facts admitted to by the defendant or found by the jury were sufficient to assess the minimum number of OV points necessary for the defendant's score to remain in the cell of the sentencing grid under which he was sentenced does not require further inquiry because the defendant did not suffer prejudice from the error).

Affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien