# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MACCIO CORTEZ WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
July 13, 2017

No. 331906
Wayne Circuit Court
LC No. 15-008276-01-FC

Before: O'BRIEN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendant, Maccio Cortez Williams, was convicted of three counts of assault with intent to commit great bodily harm less than murder, MCL 750.84, one count of possession of a firearm during the commission of a felony, MCL 750.227b, one count of possession of a dangerous weapon, MCL 750.224(1)(d), and one count of felon in possession of a firearm, MCL 750.224f, and sentenced to concurrent prison terms of 4 to 10 years for each assault conviction and 1 to 5 years for the dangerous-weapon and felon-in-possession convictions and to a consecutive prison term of 2 years for the felony-firearm conviction. We affirm.

On appeal, defendant first argues that his sentences for the assault convictions are "disproportional considering this was an isolated incident and the circumstances of this offender." We disagree. In support of his position, defendant points to the fact that "[t]his incident began as an isolated incident that arose between two long time friends," the fact that his friends "described [him] as generous, respected and respectful, [and a] hard working individual supporting his family and caring for the people in his neighborhood" and "do not consider him a threat to the community," the fact that "[h]e has expressed his remorse and apologized to all persons involved," the fact that he "is self-employed as a DJ and master barber, having no history of drug use, no history of mental health issues," the fact that "[h]e has no criminal [sic] since his conviction in 1995," and the fact that he, generally, has strong familial and community support. Because of this, defendant concludes, resentencing is required. However, as defendant expressly acknowledges, he was sentenced to a prison term within the recommended minimum sentencing range. "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2013). We are bound by, and agree with, this Court's decision in *Schrauben*. See MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established

-1-

by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified . . . .").  Therefore, defendant's sentence was not unreasonable or disproportionate and must be affirmed.

On appeal, defendant also argues that he was deprived of his constitutional right to the effective assistance of counsel at trial because defense counsel failed to object to certain portions of the victim's impact statement in the presentence-investigation report.  Specifically, defendant contends as follows:

> At the sentence hearing, Trial Counsel for Mr. Williams did not object to irrelevant and prejudicial comments made by the Complainant in the Presentence Report that "Maccio is a loose cannon walking the same streets as my family and I will never feel safe" and he "is a menace to the society".  Further, "He has proved that being a felon, getting out of jail turning a new leaf in life to be a man who obeys the law is not what he is …".  (PSIR 3)

Because of this, defendant concludes, he is entitled to a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), an evidentiary hearing to allow defendant to object to the comments indicated above, or resentencing.  We disagree.  All victims have a statutory right to make a victim's impact statement to be included in the presentence investigation report.  See MCL 780.764 ("The victim has the right to submit or make a written or oral impact statement to the probation officer for use by that officer in preparing a presentence investigation report . . .  A victim's written statement shall upon the victim's request, be included in the presentence investigation report.").  Consequently, had defense counsel objected to these comments, her objection would have been futile.  See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").  Therefore, defendant was not deprived of his constitutional right to the effective assistance of counsel.  See also *People v Lucey*, 287 Mich App 267, 275-276; 787 NW2d 133 (2010) (holding that a trial court does not abuse its discretion when it denies a defendant's objection to the inclusion of a victim's subjective impact statement in the presentence investigation report).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens