# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 19, 2018

Plaintiff-Appellee,

v

No. 339956
Ingham Circuit Court
LC No. 15-000994-FH

ANDRE LEE SMITH,

Defendant-Appellant.

Before: STEPHENS, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's amended probation violation judgment of sentence in so far as it assessed costs and fees. He also argues that certain information in his probation violation report should be stricken because it was inaccurate and/or not relied upon by the trial court in determining sentence. For the reasons set forth below, we affirm the amended judgment but remand to the trial court for the ministerial task of striking the challenged information from defendant's probation violation report.

## I. FACTS

Defendant pleaded guilty to domestic violence, third offense, MCL 750.81(4). He was sentenced to 18 months' probation and a one year jail term, which was suspended pending the completion of treatment at a community mental health center. The January 13, 2016 judgment of sentence ordered defendant to pay $1,418.00 in fees and court costs.

On May 25, 2016, defendant pleaded guilty to probation violations for cocaine use, submitting an adulterated urine sample, and failing to attend previously mandated domestic violence classes. He was sentenced on May 31, 2016. The court permitted defendant to remain on probation with additional conditions including a probation supervision fee. On August 10, 2016, defendant again pleaded guilty to violating probation, this time based on his failure to complete a drug test and for testing positive for cocaine. The trial court, again, allowed

---

[1] *People v Andre Lee Smith*, unpublished order of the Court of Appeals, entered October 17, 2017 (Docket No. 339956).

1

defendant to remain on probation and ordered him to return to inpatient treatment. On October 12, 2016, defendant, again, pleaded guilty to violating the terms of his probation, this time by absconding from the inpatient treatment center. His probation was revoked, and on November 16, 2016, he was remanded to the Michigan Department of Corrections (MDOC) to serve a sentence of 15-60 months in prison.

On December 5, 2016, the court issued an order to remit prisoner funds directing the MDOC to continue to collect the costs assessed at defendant's original sentencing. On July 17, 2017, defendant filed a motion asserting that the order to remit funds was improper because the November 16, 2016 probation violation judgement of sentence did not include assessments of costs and fees. The trial court denied the motion noting that the order to remit prisoner funds was based upon the costs assessed when defendant was originally sentenced. Defendant also sought correction or deletion of certain statements in his probation violation report. The trial court denied that request as well noting that it did not rely on the challenged information when imposing sentence.

On August 10, 2017, after denying defendant's motion, the trial court issued an amended probation violation judgment of sentence that stated, "The Commitment Order is hereby amended to clarify that the outstanding fines, cost and assessments as assessed on the original January 13, 2016 order of probation and all subsequent probation violation orders shall remain in effect."

## II. ANALYSIS

### A. IMPOSITION OF COSTS, FEES, AND ASSESSMENTS

Defendant first argues that the trial court erred by issuing a corrected probation violation judgment of sentence requiring that defendant pay the statutory costs, fees, and assessments originally assessed. We disagree.

"The right of the court to impose costs in a criminal case is statutory." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014). "Thus, courts may impose costs in criminal cases only where such costs are authorized by statute." *Id*. A trial court has the authority to impose court costs as a condition of probation. MCL 771.3. Therefore, "when a criminal defendant is placed on probation, courts may require the probationer to pay expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and the supervision of the probationer." *Cunningham*, 496 Mich at 151 (quotation marks and citation omitted).

The court was acting within its authority, granted by statute, when it mandated that defendant pay state minimum costs, a crime victim fee, a DNA assessment fee, court costs, attorney fees, and a probation supervision fee. These are all authorized by statute. MCL 28.176(1)(a) and (5) authorize courts to order each individual responsible for committing a felony offense to pay a $60 DNA collection fee. MCL 780.905(1) authorizes courts to assess defendants convicted of felonies a $130 crime victim's assessment fee, and MCL 771.3(1)(d) requires probationers sentenced in circuit court to pay a probation supervision fee.

Moreover, MCL 769.1k, provides in pertinent part:

(a) The court shall impose the minimum state costs as set forth in [MCL 769.1j].

(b) The court may impose any or all of the following:

(*i*) Any fine authorized by the statute for a violation of which the defendant entered a plea of guilty . . . .

(*ii*) Any cost authorized by the statute for a violation of which defendant entered a guilty plea . . . .

(*iii*) Until October 17, 2020, any cost reasonably related to the actual costs incurred by the trial court without separately calculating the costs involved in the particular case, including but not limited to the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

(*iv*) The expense of providing legal assistance to the defendant.

(*v*) Any assessment authorized by law.

In sum, the costs, fees, and assessments mandated by the court on January 13, 2016 were authorized under MCL 750.81(4); MCL 769.1k; MCL 28.176(1)(a) and (5); MCL 780.905(1); and MCL 771.3(1)(d).

We reject defendant's argument that the failure to include those costs and fees in the October 12, 2016 judgment of sentence rendered the assessment in the original judgment ineffective. Defendant remained under those previously imposed court obligations to pay costs, fees, and fines assessed on the underlying domestic violence conviction, and a court may impose costs even where a "defendant is placed on probation, probation is revoked, or the defendant is discharged from probation." MCL 769.1k(3). Defendant may not evade monetary obligations the court previously imposed merely because his probation was revoked. Moreover, it was not improper for the court to enter an order to remit funds after defendant's probation had been revoked, as such an order is necessary to ensure that the MDOC has the authority to collect the costs and fees imposed. Defendant argues that the trial court violated MCR 6.435 and MCR 6.429, which provides that a trial court may not correct an invalid sentence on its own initiative after entry of the judgment and that the court may only do so upon the proper motion of a party. *People v Comer*, 500 Mich 278, 297-298; 901 NW2d 553, 562 (2017). Here, however, the judgment was not invalid, but even if it was, the court could properly correct it because defendant brought a motion requesting correction.

B. CORRECTION OF PROBATION VIOLATION REPORT

Defendant next argues that the trial court abused its discretion by not correcting his probation violation report to exclude irrelevant and unsubstantiated information. We agree.[2]

In his motion to correct the invalid sentence, defendant asserted that the probation violation report contained prejudicial and irrelevant information based on an unsubstantiated accusation. The information was that defendant brought drugs into the House of Commons. Notably, when trial counsel objected to the statement during sentencing, defendant's probation officer admitted that the information was merely a rumor, and was unsubstantiated. At the hearing on defendant's motion, the trial court noted that "it's debatable whether that challenged information is in the report accurately or not . . . ." Nevertheless, it did not strike out the challenged statement from the report. In *People v Lucey*, 287 Mich App 267, 275; 787 NW2d 133 (2010), we stated:

> A sentencing court must respond to challenges to the accuracy if information in a presentence report . . . . "The trial court may determine that the challenged information is accurate, accept the defendant's version, or disregard the challenged information as irrelevant. If the court chooses to disregard the challenged information, it must indicate that it did not consider the information when fashioning the sentence and it must strike the information from the PSIR. [Citation omitted.]

The trial court should have struck the challenged information from defendant's probation violation report. The court made it clear that it did not consider the alleged inaccuracy in determining defendant's probation violation sentence. Because the court treated that the information as irrelevant, and there is at least some basis to say that the information is inaccurate, as all parties agree that it was unsubstantiated, the court should have stricken the information from the probation violation report before sending it to the MDOC. The appropriate remedy for the trial court's failure to correct or strike an information from a PSIR is to "remand[ ] for the ministerial task of correcting the [PSIR]." *People v Harmon*, 248 Mich App 522, 534; 640 NW2d 314 (2001).[3]

Affirmed but remanded to the trial court for the ministerial task of striking the challenged information from defendant's probation violation report. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

[2] "We review a trial court's response to a claim of inaccuracy in the PSIR for an abuse of discretion." *People v Lucey*, 287 Mich App 267, 275; 787 NW2d 133 (2010).

[3] In light of our decision to remand the case to the trial court to correct or strike the information from the probation violation report, we need not address defendant's argument that trial counsel was ineffective by failing to move to strike the statement from the report.