*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 20, 2023

Plaintiff-Appellee,

v

No. 357981
Charlevoix Circuit Court
LC No. 20-006714-FH

LANDON SCOTT BARRETT,

Defendant-Appellant.

Before: GADOLA, P.J., and PATEL and MALDONADO, JJ.

PER CURIAM.

Defendant, Landon Scott Barrett, was convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84. The trial court sentenced defendant to serve 38 months' to 10 years' imprisonment. Defendant appeals as of right, challenging his sentence. We affirm, but remand for correction of the PSIR.

## I. FACTS

Defendant's conviction arises from an incident that occurred during the early morning of June 17, 2020, in Charlevoix, Michigan. After the victim finished her shift and closed the bar at which she worked, she offered to give defendant, a patron of the bar, a ride home. Defendant accepted, and gave directions to the victim. After driving for some time in a secluded area, the victim grew concerned that defendant was not truly directing her to his home. The victim pulled over in a gravel drive to let defendant out of her truck, and extended her hand and said, "It was nice to meet you."

Instead of shaking her hand, defendant started punching the victim in the head. She put the truck in park, bit defendant's arm, and opened her door to get out of the truck. They continued to struggle onto the ground with defendant on top of the victim and continuing to punch her in the head. The victim got away from defendant and attempted to climb back into her truck, but defendant grabbed her hair and pulled her back. The victim again freed herself from defendant and climbed into her truck, but defendant pulled her out of the truck by her legs. After further struggle, the victim successfully climbed back into the truck and drove away, calling 911 shortly thereafter. She estimated that defendant punched her more than 40 times, and most of the punches

were to her face and head. As a result of the assault, she incurred abrasions on her arms and legs, "gravel marks" on her back, "black eyes," bruising on her face, her head was swollen, her jaw was sore for a week, and she had trouble eating and chewing. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder, and was sentenced to 38 months' to 10 years' imprisonment. Defendant now appeals.

## II. DISCUSSION

### A. OFFENSE VARIABLE (OV) 7

Defendant challenges his sentence, contending that the trial court erred by assessing 50 points for OV 7 because a preponderance of the evidence did not show that defendant's conduct constituted excessive brutality.[1] We disagree.

A defendant is entitled to be sentenced based upon accurately scored sentencing guidelines. *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006). In scoring the factors that form the basis of the sentencing guidelines, the trial court may consider all record evidence, including the presentence investigation report, plea admissions, and testimony. See *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). The trial court's factual findings under the sentencing guidelines must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We review the trial court's factual findings for clear error, which occurs when this Court is left with a definite and firm conviction that a mistake was made. *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). We review de novo whether the trial court's factual findings are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law. *Id.*

Under MCL 777.37, OV 7 should be scored at 50 points if "[a] victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." *People v Walker*, 330 Mich App 378, 389; 948 NW2d 122 (2019), quoting MCL 777.37(1)(a) (alteration in *Walker*). In this case, the trial court assessed OV 7 at 50, finding that defendant treated the victim with excessive brutality.[2] "[E]xcessive brutality means savagery or cruelty beyond even the 'usual' brutality of a crime," *Walker*, 330 Mich App at 391 (quotation marks and citation omitted), and beyond the minimum required to commit the offense. *People v Rosa*, 322 Mich App 726, 744; 913 NW2d 392 (2018).

---

[1] Because defendant's challenge to the scoring of OV 7 was preserved for review, we decline to reach defendant's alternative challenge that his trial counsel was ineffective if the challenge were determined to be unpreserved.

[2] Defendant and the prosecution also argue whether 50 points should have been assessed on the basis of "similarly egregious conduct." Because the trial court assessed OV 7 at 50 points solely on the basis of excessive brutality, however, we consider only whether the trial court clearly erred by assessing 50 points for OV 7 on that basis. See *People v Thompson*, 314 Mich App 703, 712 n 5; 887 NW2d 650 (2016).

In this case, defendant's conduct went beyond the minimum necessary to establish assault with intent to do great bodily harm less than murder. Defendant twice prevented the victim from escaping his assault and continuously punched her face and head as she tried to free herself. When she initially escaped defendant and attempted to reenter the truck, he grabbed her hair and pulled her back, and continued to punch her. When the victim again freed herself and climbed into her truck, defendant pulled her out of the truck by the legs, pulling her onto the ground. Defendant again continued to punch her while she was on the ground, punching her more than 40 times primarily in the face and head, thereby exceeding the conduct necessary to commit assault with intent to do great bodily harm. Defendant argues that the victim's injuries were not severe; that result, however, was not due to lack of brutality by defendant. That the victim survived with non-permanent injuries can be credited to the victim's ability and tenacity in her struggle to escape defendant's brutal assault; had the victim been less able-bodied, her injuries may well have reflected the severity of the beating defendant inflicted. The trial court did not clearly err by assessing 50 points for OV 7.

## B. PRESENTENCE INVESTIGATION REPORT (PSIR)

Defendant argues, and the prosecution concedes, that defendant is entitled to correction of the PSIR to remove challenged information about defendant's prior uncharged conduct that the trial court explicitly disregarded when sentencing defendant. We agree.

When a defendant challenges the accuracy of the information in the presentence report, "[t]he trial court may determine that the challenged information is accurate, accept the defendant's version, or disregard the challenged information as irrelevant. *People v Lucey*, 287 Mich App 267, 275; 787 NW2d 133 (2010). If the trial court chooses to disregard the challenged information, the trial court must strike the information from the presentence investigation report. *Id*. Because the Department of Corrections relies upon information contained in the PSIR to make decisions regarding a defendant's status, the PSIR must accurately reflect the sentencing judge's determination regarding the information contained in the report. *People v Brown*, 326 Mich App 185, 198-199; 926 NW2d 879 (2018). In this case, during the hearing on defendant's motion to correct the presentence report the trial court stated that it did not base its sentencing decision upon the challenged information in the PSIR asserting defendant's prior uncharged conduct. The trial court therefore was required to strike the information from the PSIR.

We remand for the trial court to strike from the PSIR the information about defendant's prior uncharged conduct. In all other respects, we affirm. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Allie Greenleaf Maldonado