PEOPLE v HALL

Docket No. 119280. Submitted October 1, 1991, at Lansing. Decided April 10, 1992; approved for publication August 13, 1992, at 9:00 A.M.

Marcus J. Hall pleaded guilty in the 52nd District Court of operating a motor vehicle while under the influence of intoxicating liquor. The court, Gerald E. McNally, J., denied his subsequent motion to withdraw the plea. On appeal, the Oakland Circuit Court, Robert L. Templin, J., ordered reversal. The people appealed by leave granted.

The Court of Appeals *held:*

The district court's denial of the defendant's motion to withdraw his plea was not a clear abuse of discretion that resulted in a miscarriage of justice. The circuit court's peremptory reversal was erroneous.

Although a deviation from the requirements of the applicable court rules occurred at the plea proceeding, the deviation did not affect substantial rights of the defendant. Therefore, pursuant to the court rule then in effect, MCR 6.201(E)(7)(b), now MCR 6.610(E)(7)(b), the defendant would be permitted to withdraw his plea only if it would not cause substantial prejudice to the people because of reliance on the plea. Substantial prejudice to the people would have resulted if the defendant was permitted to withdraw his plea because five years elapsed between the time of the defendant's plea and his motion to withdraw, thereby greatly hampering the people's ability to prove the offense.

Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Robert W. Larin,* for the defendant.

Before: MARILYN KELLY, P.J., and WAHLS and FITZGERALD, JJ.

PER CURIAM. The people appeal by leave granted from an order of the Oakland Circuit Court that peremptorily reversed a district court order denying defendant's motion to withdraw a 1984 plea of guilty of operating a motor vehicle under the influence of liquor, MCL 257.625; MSA 9.2325. We reverse.

When a motion to withdraw a guilty plea is brought after sentencing, a trial court's decision will not be reversed absent a clear abuse of discretion resulting in a miscarriage of justice. *People v Winegar,* 380 Mich 719, 730-731; 158 NW2d 395 (1968); *People v Rettelle,* 173 Mich App 196, 200; 433 NW2d 401 (1988). A review of the 1984 plea transcript shows that defendant was advised of his *Boykin/Jaworski* [1] rights before the acceptance of his plea. That defendant's plea was freely, voluntarily, and understandingly made may be inferred from the district court's acceptance of the plea. *Guilty Plea Cases,* 395 Mich 96, 126; 235 NW2d 132 (1975). Although defendant is correct that he was not informed of two of the three statutory consequences of his conviction as required by MCL 257.625(9); MSA 9.2325(9) at the time of his plea, defendant does not argue that because of this omission his plea was not made understandingly. Finally, defendant argues that the factual basis for his plea was inadequate. If defendant is correct, then the proper remedy would be to remand this case to allow the prosecutor to establish the missing elements. *People v Mitchell,* 431 Mich 744, 749-750; 432 NW2d 715 (1988). Although the factual basis established at the plea proceeding was

---

[1] *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969); *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

scant, defendant does not argue that the prosecutor would be unable to prove the offense.

At the time of the hearing on defendant's motion to withdraw his plea, MCR 6.201(E)(7)(b) (now MCR 6.610[E][7][b]) provided that if the trial court determined that a deviation from the requirements of the court rules occurred, but that the deviation did not affect substantial rights of the defendant, then the defendant would be permitted to withdraw his plea only if it would not cause substantial prejudice to the people because of reliance on the plea. In this case, the district court found that the deviations described above did not affect substantial rights. We agree. Defendant is no longer subject to the statutory consequences of which he should have been warned before acceptance of his 1984 plea, and does not claim that a factual basis for his plea cannot be shown. Moreover, the prejudice to the people if defendant was permitted to withdraw his plea is manifest; five years elapsed between the time of defendant's plea and his motion to withdraw, thereby greatly hampering the people's ability to prove the offense.[2]

We conclude that the district court's denial of defendant's motion to withdraw his plea was not a clear abuse of discretion that resulted in a miscarriage of justice. Hence, the circuit court's peremptory reversal of the district court's order was erroneous.

Reversed.

---

[2] Our holding does not restrict a defendant's right to challenge the *constitutionality* of a prior conviction in circuit court. *People v Moore,* 391 Mich 426, 440-441; 216 NW2d 770 (1974).