PEOPLE v MONTROSE (AFTER REMAND)

Docket No. 137523. Submitted June 3, 1993, at Detroit. Decided September 7, 1993, at 9:45 A.M.

Thomas Montrose pleaded guilty in the Detroit Recorder's Court, John R. Kirwan, J., of breaking and entering an occupied dwelling with the intent to commit criminal sexual conduct and was sentenced to six to fifteen years' imprisonment. He appealed, and the Court of Appeals, BRENNAN, P.J., and HOOD and SULLIVAN, JJ., remanded the action to the trial court to allow him to make a motion to withdraw his plea. On remand, Judge Kathleen Macdonald, who had assumed Judge Kirwan's position as a visiting judge from the Wayne Circuit Court to the Detroit Recorder's Court, denied the motion. The defendant appealed.

After remand, the Court of Appeals *held*:

1. There is nothing that requires that the defendant's motion to withdraw his guilty plea be heard by the judge who accepted his plea of guilty.

2. The trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea. The plea-taking requirements of MCR 6.302 were fully complied with by Judge Kirwan. The defendant's assertion to a probation officer after his plea that he could not have committed the crime does not rebut the factual basis upon which his plea was accepted.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — POSTCONVICTION MOTIONS.

There is no requirement that the same judge who accepts a defendant's plea of guilty must preside and hear postconviction motions by the defendant.

2. CRIMINAL LAW — GUILTY PLEAS — POSTSENTENCING MOTIONS.

There is no absolute right to withdraw a guilty plea once it has been accepted by the trial court; where a motion to withdraw a guilty plea is brought after sentencing, a trial court's decision

REFERENCES

Am Jur 2d, Criminal Law §§ 500, 501, 505, 535.

Withdrawal of plea of guilty or nolo contendere, after sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 9 ALR Fed 309.

will not be reversed absent a clear abuse of discretion resulting in a miscarriage of justice.

3. CRIMINAL LAW — PLEAS — POSTSENTENCING MOTIONS.
   Error in the plea-taking proceeding must be shown in order to set aside a plea after sentencing (MCR 6.311).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Michael J. Brady,* for the defendant on appeal.

AFTER REMAND

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and W. J. CAPRATHE,* JJ.

FITZGERALD, P.J. Pursuant to a plea and sentencing agreement, defendant pleaded guilty of breaking and entering an occupied dwelling with intent to commit criminal sexual conduct, MCL 750.110; MSA 28.305. Defendant was sentenced to a prison term of six to fifteen years' imprisonment. He appeals as of right. We affirm.

After a claim of appeal was filed in this Court, the case was remanded to the trial court to allow the defendant to make a motion to withdraw his guilty plea. Defendant originally pleaded guilty before Judge John Kirwan, who also imposed his sentence. The hearing regarding the motion to withdraw his plea was held before Judge Kathleen Macdonald, who had assumed Judge Kirwan's position as a visiting judge from the Wayne Circuit Court to Detroit Recorder's Court.

Defendant first argues that he was entitled to have his motion to withdraw his guilty plea heard

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by the judge who accepted the plea of guilty.[1] However, defendant failed to object to Judge Macdonald's conducting the proceeding. Defendant did not mention Judge Kirwan's alleged superior ability to hear the motion until after Judge Macdonald stated that she was going to deny the motion. Certainly, defendant would not have complained had Judge Macdonald granted the motion. Because our research has unveiled no court rule, statute, or case law requiring postconviction motions to be heard by the convicting judge,[2] and because of defendant's failure to timely and formally object to Judge Macdonald's conducting the hearing, we reject defendant's argument.

Next, defendant argues that Judge Macdonald erred in denying his postsentence motion to withdraw his guilty plea.

There is no absolute right to withdraw a guilty plea once it has been accepted by the trial court. When a motion to withdraw a guilty plea is brought after sentencing, a trial court's decision will not be reversed absent a clear abuse of discretion resulting in a miscarriage of justice. *People v Hall,* 195 Mich App 460, 461; 491 NW2d 854 (1992).

To set aside a plea after sentencing, MCR 6.311 requires error in the plea proceeding. Defendant does not dispute that the trial court fully complied

[1] MCR 8.111(C), on which defendant relies, is inapplicable in this case. The rule was intended to prevent judge shopping, to avoid the appearance of impropriety, and to equally distribute the workload of a court among the judge's elected to that court. The rule basically provides for the random assignment of cases to a judge by lot, generally at the time the case is filed.

[2] Although judicial assignments cover all postjudgment matters in cases heard during the assignment, thus giving the assigned judge authority to hear postjudgment matters, *State Court Administrative Office Judicial Assignment Guidelines,* pp 24-25 (July 1993), there is no requirement that the assigned judge *must* preside over all postjudgment motions.

with the plea-taking requirements of MCR 6.302.[3] MCR 6.302 is the successor of GCR 1963, 785.3(2), which is the successor of Court Rule No 35A (1945), in reference to which the Supreme Court held in *People v Barrows,* 358 Mich 267, 272; 99 NW2d 347 (1959):

> The direct questioning of a defendant by the trial judge on [a] plea of guilty is required by the rule for the purpose of establishing the crime and the participation therein of the person pleading guilty. This is a precaution against involuntary or induced false pleas of guilty *and against subsequent false claims of innocence.* [Emphasis added.]

Likewise, the rationale underlying GCR 1963, 785.3 was the prevention of involuntary or false pleas. *People v Berry (On Remand),* 198 Mich App 123, 128; 497 NW2d 202 (1993).

At the plea hearing, defendant offered the following version of events to establish the factual basis for the plea:

> I entered that house without permission, went in the room, pulled a knife to the lady, told the lady to suck my penis, then I left out the door.

Defendant asserts that the description of the offense that he related to a probation officer after the plea and that was contained within the presentence report is an assertion of innocence that negates the factual basis for his plea and entitles him to withdraw his plea.[4] We disagree. Defendant's bare assertion to the probation department

---

[3] In addition, defendant gave an adequate factual recitation to support the plea, and denied the existence of any undue influence on his decision to plead guilty.

[4] Defendant's description of the offense as contained in the presentence report is as follows:

that he could not have committed the crime does not rebut the factual basis upon which his previous plea was accepted, particularly in light of defendant's admission that "I am pleading guilty because I am guilty."[5]

Additionally, defendant failed to raise the issue regarding his alleged innocence at the time of sentencing and did not move to withdraw his plea before sentencing. Rather, defendant indicated that he had nothing to say and permitted the sentencing court to sentence him pursuant to the sentencing agreement. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.

Affirmed.

---

They say I broke into [the] house, tried to rape her. There is no way I could have been there, the time does not match up. I was at a friend's house, when they say this happened, now I was there at 11:00 that night. I told her that she has to start paying me for the coke she owes me money for. That [is] how I got this B&E put on me. There was no reason for me to do it. I had a job and girlfriend.

[5] Defendant also indicated at the time of the plea that he had not been influenced to plead guilty and that his plea was a voluntary act.