SAWYER, J.
(dissenting). I respectfully dissent.
Defendant argues, and the majority agrees, that he is entitled to withdraw his plea because the district court failed to fully and strictly comply with MCR 6.610(E). But reversal is mandated only if a Jaworski[1] *578 right is omitted from the plea proceedings.[2] As is acknowledged by everyone in this case, the Jaworski rights were not omitted from the proceedings— defendant was advised of them in a writing, which he signed. The only failure in this case concerned the requirement that, when a defendant is advised of his or her rights in writing, the trial court also must engage in a colloquy with the defendant on the record to establish that the defendant has read and understood those rights.[3]1 would classify this failure as a deviation that “did not affect substantial rights,” and therefore, withdrawal of the plea was not required.[4] Rather, I would apply the substantial compliance requirement under Saffold.
In Saffold, the Michigan Supreme Court reiterated the principles established in Guilty Plea Cases,[5] and described the doctrine of substantial compliance with regard to “[t]he procedures governing the acceptance of a guilty plea” under MCR 6.302. The Court stated:
To determine if there was substantial compliance with the court rule, the first question is whether the right omitted or misstated is a “Jaworski right.” In People v Jaworski, 387 Mich 21; 194 NW2d 868 (1972), this Court held that a plea of guilty must be set aside where the record of the plea proceedings shows that the defendant was not advised of all three constitutional rights involved in a waiver of a guilty plea: 1) the right to trial by jury, 2) the right to confront one’s accusers, and 3) the privilege against self-incrimination, relying on Boykin v Alabama, 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969). If a Jaworski right is omitted from the plea proceedings, then *579 reversal is mandated. However, the omission from the plea proceedings of one or another of the rights attendant to a trial, other than a Jaworski right, or the imprecise recital of any such right, including a Jaworski right, does not necessarily require reversal. Guilty Plea Cases, [395 Mich] at 122.[6]
The majority’s conclusion that “the district court failed to substantially comply with MCR 6.610(E) and the deviation implicated defendant’s Jaworski rights” is unsupported by the court rule. Specifically, MCR 6.610(E)(7) provides for a process by which a district court plea may be entered in writing, without the defendant’s actual appearance in court. While this case did not involve the written plea procedure under the court rule, the fact that this rule exists belies the majority’s conclusion that there must be strict compliance with the colloquy requirements of MCR 6.610(E)(4). That is, MCR 6.610(E)(7) provides for a process by which a plea may taken without such a colloquy; therefore, it cannot be concluded that the failure to engage in such a colloquy requires that defendant be allowed to withdraw his plea. Rather, I would suggest that we must look to the question of substantial compliance and determine whether the district court’s decision to not allow defendant to withdraw his plea constituted “a clear abuse of discretion resulting in a miscarriage of justice.”[7]
The district court explained its reasoning for denying defendant’s motion to withdraw his plea as follows:
The motion filed on behalf of Mr. Al-Shara, at the top of page two, suggest [sic] the reason for the motion is *580 “defendant would not have accepted the plea agreement had he been aware of the effect that it would have on his probation in the unrelated case,[”] that is, stated as the motivation and reason for the filing of the motion.
With regard to advice of his rights, the defense concedes that [sic] page one of their brief, that Mr. Al-Shara signed a waiver of rights. That concession is again contained at page five of the defense brief where it states in the first full paragraph, while Mr. Al-Shara concedes that he did sign an Advice of Rights sheet in connection with this case and then it goes on from there so again, he has acknowledged signing the Advice of Rights.
The file does contain a written waiver of rights so he would have had both the Advice of Rights at the Arraignment stage of the proceedings and again, a signed waiver of rights in connection with the plea proceeding itself. There is no indication in the body of the motion or by way of affidavit from Mr. Al-Shara that he actually failed to understand his rights. That allegation is conspicuously absent of [sic] the motion... . There is no suggestion anywhere in the motion that Mr. Al-Shara was either not advised of or did not understand his rights in full and the effect of waiving those rights by proceeding with a plea at the time, that is, just conspicuously absent from the motion.
“A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or makes an error of law.”[8]1 cannot say that the district court’s decision falls outside the range of principled outcomes. Defendant was advised of his Jaworski rights in writing. It is uncontested that he signed that writing. As the district court noted, there is no allegation that defendant did not read or understand those rights. Rather, defendant merely appears to be latching onto a technical failure in the plea- *581 taking process because he is now unhappy with the collateral consequences of his plea on his probation status in another case.
I would reverse the circuit court and reinstate defendant’s plea and sentence.

 People v Jaworski, 387 Mich 21; 194 NW2d 868 (1972).

 People v Saffold, 465 Mich 268, 273; 631 NW2d 320 (2001).

 MCR 6.610(E)(4).

 MCR 6.610(E)(8)(b).

 Guilty Plea Cases, 395 Mich 96, 122; 235 NW2d 132 (1975).

 Saffold, 465 Mich at 273-274 (emphasis added). See also People v Plumaj, 284 Mich App 645, 649; 773 NW2d 763 (2009).

 People v Montrose (After Remand), 201 Mich App 378, 380; 506 NW2d 565 (1993).

 People v Swain, 288 Mich App 609, 628-629; 794 NW2d 92 (2010) (citations omitted).