# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID MICHAEL O'BRIEN,

        Defendant-Appellant.

UNPUBLISHED
December 19, 2017

No.  333543
Wayne Circuit Court
LC No.  15-006891-01-FC

Before:  METER, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Defendant pleaded guilty to second-degree criminal sexual conduct and was sentenced to 3 to 15 years' imprisonment.  Defendant appeals by leave granted[1] his judgment of sentence following his guilty plea to second-degree criminal sexual assault, MCL 750.520c(1)(a) (sexual contact with someone under the age of 13).  On appeal, however, defendant challenges the trial court's subsequent denial of his motion to withdraw his guilty plea.  We affirm.

Defendant first argues that the factual basis elicited during his plea hearing was insufficient to prove second-degree criminal sexual conduct.  Specifically, defendant argues that his failure to admit that the touching was for a sexual purpose renders the factual basis of his plea insufficient to sustain his conviction.  We disagree.

"When first made after sentencing, a motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and the trial court's decision will not be disturbed unless there is a clear abuse of discretion resulting in a miscarriage of justice."  *People v Adkins*, 272 Mich App 37, 38-39; 724 NW2d 710 (2006).  "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes."  *People v Tyner*, 497 Mich 1001; 861 NW2d 622 (2015) (citation omitted).  "Whether the conduct admitted by a defendant falls within the scope of the criminal statute at issue is a question of statutory interpretation" that is reviewed de novo on appeal.  *People v Baham*, ___ Mich App ___; ___ NW2d ___ (2017) (Docket No.

---

[1] This Court granted leave on September 8, 2016.  *People v O'Brien*, unpublished order of the Court of Appeals, entered September 8, 2016 (Docket No. 333543).  Judge K. F. KELLY would have denied defendant's application for leave to appeal.  *Id.*

331787, issued 9/12/2017); slip op at 4 (citation omitted); *People v Jones*, 317 Mich App 416, 420; 894 NW2d 723 (2016).

"The goal of statutory interpretation is to ascertain the legislature's intent." *Baham*, ___ Mich App at ___; slip op at 4-5 (citation omitted). "We begin with the plain language of the statute, interpreting words according to their ordinary meaning and within the context of the statute in order to give effect to the statute as a whole." *Id*. (citation omitted). "[W]here that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Id*. (citation and quotation marks omitted).

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *People v Al-Shara*, 311 Mich App 560, 567; 876 NW2d 826 (2015). "When reviewing whether the factual basis for a plea was adequate, this Court considers whether the fact-finder could have found the defendant guilty on the basis of the facts elicited from the defendant at the plea proceeding." *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011) (citation omitted). "Where the statements by a defendant at the plea procedure do not establish grounds for finding that the defendant committed the crime charged, the factual basis for the plea-based conviction is lacking." *Baham*, ___ Mich App at ___; slip op at 4 (citation omitted).

> A factual basis to support a plea exists if an inculpatory inference can be drawn from what the defendant has admitted. This holds true even if an exculpatory inference could also be drawn and the defendant asserts that the latter is the correct inference. Even if the defendant denies an element of the crime, the court may properly accept the plea if an inculpatory inference can still be drawn from what the defendant says. [*Fonville*, 291 Mich App at 377 (citations and quotation marks omitted).]

MCL 750.520c(1)(a) provides:

(1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and . . .

(a) [t]hat other person is under 13 years of age.

"The elements of CSC-II are: (1) the defendant engaged in sexual contact, (2) with a person under 13 years of age." *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014), citing MCL 750.520c(1)(a). " 'Sexual contact' includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . . ." MCL 750.520a(q). "Intimate parts" include a person's "primary genital area, groin, inner thigh, buttock, or breast." MCL 750.520a(f). "[W]hen determining whether touching could be reasonably construed as being for a sexual purpose, the conduct should be viewed objectively under a reasonable person standard." *People v DeLeon*, 317 Mich App 714, 719-720; 895 NW2d 577 (2016) (citation and quotation marks omitted). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial

evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Bosca*, 310 Mich App 1, 16; 871 NW2d 307 (2015), held in abeyance 872 NW2d 492 (2015).

Although defendant did not admit that the touching was for a sexual purpose, the touching can "reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose. . . ." MCL 750.520a(q). At the plea hearing, defendant admitted that he touched the victim's vagina in an "inappropriate manner" and that he was not "just wiping her." Viewed objectively under a reasonable person standard, defendant's admission that he touched the victim's vagina in an "inappropriate manner" and that he was not "just wiping her" could "reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose. . . ." MCL 750.520a(q). If defendant touched the victim in an inappropriate manner and it was not for the purpose of changing her diaper, a reasonable person could construe defendant's actions as having a sexual purpose or having a purpose aimed at gratifying his sexual urges or his arousal.

Defendant further argues that a sexual purpose cannot reasonably be inferred from the record. Instead, defendant contends that the "factual basis provides an alternate non-criminal purpose for touching – wiping during a diaper change." We disagree. Defendant's alternate noncriminal purpose cannot be inferred from the record. Defendant's factual basis establishes that his touching of the victim was *not* for the purpose of wiping her during a diaper change. Defendant initially stated that his touching of the victim was incidental to wiping the victim and he denied touching her in an inappropriate manner. However, after defendant conferred with trial counsel, he refuted his previous statement. Trial counsel again asked defendant whether he touched the victim's vagina in an "inappropriate manner" that was not related to "just wiping her." Defendant admitted that he touched the victim's vagina in an inappropriate manner and that it was not for the purpose of wiping her during a diaper change. A noncriminal purpose cannot be inferred where that noncriminal purpose is denied having been the reason behind defendant's actions.

Even if defendant's alternate noncriminal purpose for his touching of the victim—wiping during a diaper change—can be inferred from his factual basis, an inculpatory inference can still be drawn from his admissions. *Fonville*, 291 Mich App at 377 (citations and quotation marks omitted). Although defendant denies that his touching of the victim was for a sexual purpose and asserts that his alternate noncriminal purpose is the correct inference, it can still be inferred from his admissions that his actions were for a sexual purpose or for the purpose of gratifying his sexual urges or his arousal. *Fonville*, 291 Mich App at 377 (citations and quotation marks omitted). Because an inculpatory inference can be drawn from what defendant admitted, there exists a factual basis to support his guilty plea. *Id*. Therefore, the trial court properly accepted defendant's plea and did not abuse its discretion when it denied defendant's motion to withdraw his guilty plea.

Because the factual basis was adequate to support defendant's guilty plea, it is unnecessary to remand to allow the prosecution to establish any missing elements to support the plea. *People v McCullough*, 462 Mich 857; 610 NW2d 914 (2000); see also *People v Hall*, 195 Mich App 460, 461; 491 NW2d 854 (1992).

Defendant argues that "[i]t is clear on this record that defense counsel improperly explained the elements of the offense as touching in an 'inappropriate manner' when the necessary element is for 'sexual gratification.' " Defendant asserts that trial counsel's inaccurate legal advice, in turn, led him to plead guilty. Defendant contends that his trial counsel was ineffective and he is therefore entitled to the withdrawal of his guilty plea. We disagree.

To preserve the issue of ineffective assistance of counsel, a defendant must request a new trial or an evidentiary hearing. *People v Ginther*, 390 Mich 436, 212 NW2d 922 (1973); *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). Here, defendant requested neither a new trial nor an evidentiary hearing. Thus, the issue is unpreserved. "The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012) (citation omitted). Where a defendant fails to request a new trial or an evidentiary hearing, this Court's review is limited to mistakes apparent on the existing record. *Nix*, 301 Mich App at 207. See also *People v Norfleet*, 317 Mich App 649, 658; 897 NW2d 195 (2016), quoting *People v Hurst*, 205 Mich App 634, 641; 517 NW2d 858 (1994).

"As at trial, a defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014), citing *Lafler v Cooper*, 566 US 156, 162; 132 S Ct 1376; 182 L Ed 2d 398 (2012). "Effective assistance of counsel is presumed, and [a] defendant bears a heavy burden of proving otherwise." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016). "To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance." *People v Walker*, 497 Mich 894; 855 NW2d 744 (2014). "In demonstrating prejudice, the defendant must show the outcome of the plea process would have been different with competent advice." *Douglas*, 496 Mich at 592 (citation and quotation marks omitted). "When reviewing a claim of ineffective assistance arising from a guilty plea, [this Court's] inquiry is whether the plea was made voluntarily and understandingly." *People v Lucey*, 287 Mich App 267, 275; 787 NW2d 133 (2010) (citation omitted). "Absent sufficient information, the plea would be unknowing and, consequently, involuntary." *Fonville*, 291 Mich App at 384 (citation omitted). "The pertinent question is not whether counsel's advice was right or wrong; rather, it is whether counsel's advice was within the range of competence for attorneys in criminal cases." *Lucey*, 287 Mich App at 275 (citations omitted).

In the context of an ineffective assistance of counsel claim, "[g]uilty pleas have been deemed involuntary or unknowing when defense counsel failed to explain adequately the nature of the charges." *People v White*, 307 Mich App 425, 431; 862 NW2d 1 (2014) (citation omitted). "Guilty pleas have also been found involuntary when counsel failed to explain possible defenses to the charges." *Id*. (citation omitted). "Defense counsel must explain to the defendant the range and consequences of available choices in sufficient detail to enable the defendant to make an intelligent and informed choice." *People v Jackson*, 203 Mich App 607, 614; 513 NW2d 206 (1994). "Defense counsel, however, can only provide information; counsel cannot possibly ensure comprehension." *Id*. (citation and quotation marks omitted).

Based on the existing record, trial counsel's assistance was not ineffective. Although defendant moved for the appointment of a new court-appointed attorney, stating that trial counsel was trying to coerce him into taking the plea without having discussed it with him and that trial counsel did not communicate with him about their strategy for trial, trial counsel's statements refuted defendant's statements. Trial counsel had communicated with defendant numerous times over text messages, phone conversations, and in meetings. Additionally, trial counsel stated that it was his general practice to meet with his clients a week before trial to go over things in detail so that things were "fresh in everybody's memory" and that he planned to do the same with defendant. Lastly, trial counsel stated that he did not push defendant to take the plea. Rather, trial counsel told defendant it was his choice whether to accept the plea offer and that it was trial counsel's "job as a counselor" to tell defendant to, at the very least, consider the prosecution's plea offer. Moreover, defendant failed to request an evidentiary hearing or new trial and has thus failed to "develop a testimonial record in support of his claim that his trial counsel was ineffective. . . ." *People v Snider*, 239 Mich App 393, 423; 608 NW2d 502 (2000). The record is devoid of any evidence of what trial counsel relayed to defendant when the court went into recess to allow trial counsel and defendant to speak. Nor does the record contain information about what advice trial counsel gave to defendant in the week between defendant's motion for a new court-appointed attorney and his plea hearing or what was said in the conference room after defendant's motion for a new court-appointed attorney was denied. Because "[e]ffective assistance of counsel is presumed," and defendant has failed to demonstrate that trial counsel did not provide him with adequate advice during their discussion off the record or in the week in between defendant's motion for a new court-appointed attorney and the plea hearing, defendant has not met his heavy burden of proving that trial counsel was ineffective. *Johnson*, 315 Mich App at 174.

Additionally, the record demonstrates that defendant entered his plea voluntarily and knowingly. Defendant knew that denying that he touched the victim's vaginal area in an inappropriate manner would result in going to trial rather than having his plea accepted. Defendant was present when the trial court stated that the touching had to be for sexual gratification. Such an indication from the trial court would lead a reasonable person to believe that some form of a sexual purpose had to be behind the action in order to be convicted of second-degree criminal sexual conduct. The trial court, at the hearing on defendant's motion to withdraw his plea, recalled that "there was what this Court saw as substantial conversations taking place between the defendant and his counsel . . . ." Without more evidence of what information was exchanged between defendant and trial counsel, it cannot be said that trial counsel was ineffective.

Defendant argues that defense counsel improperly explained the elements of second-degree criminal sexual conduct because the statute requires the touching be for sexual gratification, not that it be done in an inappropriate manner. We disagree. "The pertinent question is not whether counsel's advice was right or wrong; rather, it is whether counsel's advice was within the range of competence for attorneys in criminal cases." *Lucey*, 287 Mich App at 275 (citations omitted). The plain language of MCL 750.520a and MCL 750.520c(1)(a) indicates that an individual is guilty of second-degree criminal sexual conduct if that individual engages in sexual contact with another person that is under 13 years old. "Sexual contact" includes, in relevant part, "the intentional touching of the victim's . . . intimate parts . . . , if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or

gratification, [or] done for a sexual purpose . . . ." MCL 750.520a(q). Defendant misstates what constitutes sexual contact under MCL 750.520a(q). The statute provides that "sexual contact" can be achieved through touching that either *can reasonably be construed as being done for* a sexual purpose **or** *can reasonably be construed as being for* the purpose of sexual arousal or gratification. MCL 750.520a(q). Trial counsel's use of the term "inappropriate manner" satisfies the threshold for either reasonably being construed for a sexual purpose or reasonably being construed as being for the purpose of defendant's sexual arousal or gratification. When defendant's admission that the touching was done in an "inappropriate manner" is combined with his admission that his touching of the victim was not for wiping her during a diaper change, a reasonable person could construe the touching as being done either for a sexual purpose or for the purpose of defendant's sexual arousal or gratification. Trial counsel stated that although he could use the term "sexual gratification," he "just thought it had . . . to be inappropriate manner." Without a testimonial record of what advice trial counsel provided defendant regarding his charges, it cannot be said that trial counsel's advice fell below the range of competence for attorneys in criminal cases. *Lucey*, 287 Mich App at 275 (citations omitted).

Defendant relies on *People v Spencer*, 192 Mich App 146; 480 NW2d 308 (1991), to argue that he is entitled to a plea withdrawal because his plea was induced by inaccurate legal advice. Defendant's reliance on *Spencer* is misplaced for two reasons. First, *Spencer* dealt with a defendant who, pursuant to MCR 6.310(B), sought to withdraw his plea after the trial court accepted his plea but *before* he was sentenced. *Id*. at 150-152. By contrast, defendant sought to withdraw his plea *after* he was sentenced. Defendant was sentenced on October 20, 2015, and did not seek to withdraw his plea until April 18, 2016. "Plea withdrawals after sentencing are governed by MCR 6.310(C). . . ." *People v Brown*, 492 Mich 684, 692; 822 NW2d 208 (2012).

Second, the standard under MCR 6.310(B), the court rule at issue in *Spencer*, differs from that of MCR 6.310(C), the court rule at issue here. MCR 6.310(B) "provides, in pertinent part, that a motion to withdraw a plea before sentencing should only be granted if the defendant is able to show that withdrawal of the plea is 'in the interest of justice,' meaning that the defendant has to articulate a 'fair and just reason' for withdrawing the plea." *Fonville*, 291 Mich App at 377-378, citing *People v Wilhite*, 240 Mich App 587, 594; 618 NW2d 386 (2000). Even if MCR 6.310(B) was applicable to defendant's case, "incorrect advice from the defendant's attorney" is not considered a fair and just reason for withdrawing a plea. *Fonville*, 291 Mich App at 378. On the other hand, MCR 6.310(C) states:

> "If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea."

"A defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *Brown*, 492 Mich at 693.

In his motion to withdraw his plea, defendant argued that the phrase "inappropriate manner" was insufficient to satisfy the statutory definition of sexual contact. The trial court

determined that the factual basis supported defendant's plea and denied defendant's motion to withdraw his guilty plea. The trial court stated:

> Certainly based on the nature of the charges, the context of the plea, the fact that we had a written agreement about what the crime was, there was what this Court saw as substantial conversations taking place between the defendant and his counsel; the fact that the nature of the original charges and the words that the defendant used; namely, inappropriate contact not associated with wiping of a child could, in this Court's judgment, lead a reasonable person to conclude that it was done for sexual purposes.

The trial court did not find "an error in the plea proceeding that would entitle the defendant to have the plea set aside," as required by MCR 6.310(C). That is to say, the trial court found that trial counsel's use of the phrase "inappropriate manner," when coupled with the fact that the touching was not incidental to the wiping of the victim during a diaper change, was sufficient to satisfy the requirements of second-degree criminal sexual conduct. For these reasons, defendant's reliance on *Spencer* is misplaced. Defendant has failed to provide evidence that trial counsel's performance fell outside the range of competence for attorneys in criminal cases. *Lucey*, 287 Mich App at 275 (citations omitted).

Affirmed.


/s/ Patrick M. Meter
/s/ David H. Sawyer