*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LARRY JUSTIN LAKE,

        Defendant-Appellant.

UNPUBLISHED
January 18, 2024

No. 365824; 365826; 365827
Barry Circuit Court
LC Nos. 2022-000308-FC; 2022-000310-FC; 2022-000469-FC

Before: M. J. KELLY, P.J., and MARKEY and CAMERON, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's judgments of sentence for three cases, which are consolidated on appeal.[2] Defendant pleaded no contest to three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim under 13 years of age). The trial court sentenced defendant to concurrent terms of 50 to 80 years' imprisonment for each count. We vacate the trial court's sentencing order and remand for resentencing.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

These consolidated appeals stem from criminal sexual conduct perpetrated by defendant against three young victims. Defendant was charged with these crimes and the trial court imposed a no-contact order prohibiting defendant from, among other things, having any contact with anyone

---

[1] *People v Lake*, unpublished order of the Court of Appeals, entered May 31, 2023 (Docket No. 365824); *People v Lake*, unpublished order of the Court of Appeals, entered May 31, 2023 (Docket No. 365826); *People v Lake*, unpublished order of the Court of Appeals, entered May 31, 2023 (Docket No. 365827).

[2] *People v Lake*, unpublished order of the Court of Appeals, entered June 6, 2023 (Docket Nos. 365824, 365826, and 365827).

under the age of 18, making phone calls or sending mail to anyone except for his attorney, and having any visitors except for his attorney.

The prosecution offered defendant a plea deal, which included a sentencing agreement under *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982) (the "*Killebrew* agreement"). Under the *Killebrew* agreement, defendant agreed to plead no contest to three counts of CSC-I in exchange for a maximum minimum sentence of eight years' imprisonment. The trial court accepted defendant's plea, but warned defendant that the *Killebrew* agreement would become invalid "in a number of ways" including "[m]isbehavior at . . . the jail [and] [v]iolation of any court order, any bond condition, anything like that." Nevertheless, defendant made several phone calls from jail, some of which included conversations with children. He also had at least one jailhouse visit from his girlfriend and their minor children. Although it is unclear from the record the exact date of this occurrence, defendant reportedly attempted to bribe one of the victim's mothers with $13,000 if her daughter recanted her story.

At defendant's sentencing hearing, defendant moved to withdraw his plea on the basis of actual innocence. The trial court concluded that there was no legitimate basis for defendant's motion and denied it. The prosecution alleged that defendant violated the terms of his *Killebrew* agreement by making phone calls from jail and having his girlfriend and children visit him in jail. Defendant argued that the phone calls that he made all pertained to securing retained counsel. The trial court found defendant had violated his *Killebrew* agreement, which invalidated it. Defendant was sentenced as noted. These appeals followed.

## II. PLEA WITHDRAWAL

Defendant argues that the medication that he was taking while in jail may have rendered his plea unknowing or involuntary. He also claims he was entitled to withdraw his plea on the basis of actual innocence. We disagree.

### A. STANDARD OF REVIEW

This Court reviews "for an abuse of discretion a trial court's denial of a defendant's motion to withdraw a plea." *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011) (citation omitted). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018) (quotation marks and citation omitted).

### B. LAW AND ANALYSIS

Once a plea is accepted by the trial court, defendants do not have an absolute right to withdraw it. *People v Wilhite*, 240 Mich App 587, 588; 618 NW2d 386 (2000). When, as in the instant case, "a defendant moves to withdraw the plea before sentencing, the burden is on the defendant to establish a fair and just reason for withdrawal of the plea; the burden then shifts to the prosecutor to establish that substantial prejudice would result from allowing the defendant to withdraw the plea." *People v Jackson*, 203 Mich App 607, 611-612; 513 NW2d 206 (1994); see also MCR 6.310(B).

One way a defendant may withdraw a plea is when they make "a claim of actual innocence, a valid defense to a charge, or an involuntary plea." *People v Samuels*, 339 Mich App 664, 671-672; 984 NW2d 854 (2021). This Court has held that a claim of innocence, supported by the record, constitutes a potential basis for withdrawing a guilty plea. See *People v Haynes (After Remand)*, 221 Mich App 551, 558-563; 562 NW2d 241 (1997). However, a defendant's "bare assertion" of innocence will not rebut the factual basis upon which his previous plea was accepted. *People v Montrose*, 201 Mich App 378, 381-382; 506 NW2d 565 (1993).

We first address defendant's claim that his plea was unknowing or involuntary. Substantive review of a defendant's claim on appeal is precluded when the defendant bases their claim on an argument they failed to raise in the trial court. MCR 6.310(D). Defendant asserts on appeal that his plea may not have been made knowingly or voluntarily because he was taking medications that can affect an individual's thinking, judgment, and psycho-motor skills. However, defendant did not include this as a basis for withdrawal of his plea before the trial court. Therefore, we will not review this argument on appeal.

We next turn to defendant's claim of actual innocence. Defendant's motion to withdraw his plea failed to state, as basis for his request, that he was actually innocent of the charges. However, at defendant's sentencing hearing, defense counsel explained that defendant met with relatives of the victims in the case and was told that "these people were out just to ruin his life." The prosecution recounted that defense counsel said that defendant's girlfriend had evidence on the cases that would exonerate defendant. When the police interviewed defendant's girlfriend, she had no information regarding the present cases or defendant's innocence. The trial court concluded that there was "no legitimate basis whatsoever for a withdraw" of defendant's plea.

The burden was on defendant to establish fair and just reasons to support the withdrawal of his no-contest plea. But, defendant failed to present any concrete evidence to substantiate his claim of innocence. At defendant's plea hearing, he acknowledged the facts of each case and pleaded no contest to each charge of CSC-I. Defendant also assured the trial court that he understood the rights that he was relinquishing by entering a no-contest plea and was doing so voluntarily. In this case, as was the case in *Montrose*, 201 Mich App at 381-382, defendant's "bare assertion" of innocence cannot rebut the factual basis for defendant's plea established at his plea hearing.

Additionally, the record indicates that defendant's motivation to withdraw his plea likely came from a fear of sentencing rather than a true claim of innocence. Defendant had not previously asserted his innocence; however, once defendant became aware that the prosecution planned to argue that the *Killebrew* agreement was invalid, defendant moved to withdraw his plea. This Court has held that "requests to withdraw pleas are generally regarded as frivolous where the circumstances indicate that the defendant's true motivation for moving to withdraw is a concern regarding sentencing." *Haynes*, 221 Mich App at 559. Defendant's motion to withdraw his plea was meritless because the circumstances surrounding his motion indicated that his true motivation was a concern regarding sentencing, not his actual innocence. Therefore, the trial court did not abuse its discretion when it denied defendant's motion to withdraw his plea on this basis.

## III. SENTENCING AGREEMENT

Defendant next argues that the trial court erred when it found defendant committed misconduct and therefore sentenced defendant outside the terms of the *Killebrew* agreement. We disagree.

### A. STANDARD OF REVIEW

With respect to the trial court's factual findings, our review is for clear error. MCR 2.613(C); *People v Johnson*, 502 Mich at 565. A trial court's findings of fact are clearly erroneous if "the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id*. (quotation marks and citation omitted).

### B. LAW AND ANALYSIS

The court rules allow a defendant to withdraw his plea if the plea deal includes a sentencing agreement that the trial court states it will not follow. MCR 6.310(B)(2)(a); *Killebrew*, 416 Mich at 209-210. However, if the defendant commits misconduct after the plea is accepted, but before sentencing, the defendant is not entitled to withdraw his plea even if the trial court states it will not follow the sentencing agreement. MCR 6.310(B)(3). MCR 6.310(B)(3) defines "misconduct" to include "absconding or failing to appear for sentencing, violating terms of conditions on bond or the terms of any sentencing or plea agreement, or otherwise failing to comply with an order of the court pending sentencing."

Defendant's *Killebrew* agreement, which stated that his maximum minimum sentence would be 8 years' imprisonment, was conditioned on defendant not violating the trial court's no-contact order. The trial court made explicitly clear to defendant during his plea hearing that a violation of the no-contact order would invalidate his *Killebrew* agreement. The trial court also ensured that defendant understood the consequences of violating the no-contact order.

The record indicates that defendant was aware of the consequences that he might face if he made a phone call from jail, but he did so anyway. Defendant argues that the phone calls that he made and the visit that he had from his girlfriend were premised on his need to acquire money to secure retained counsel; however, defense counsel admitted during defendant's sentencing hearing that the conversations included more than just discussions about retaining counsel. The most egregious of these violations was the report that some of defendant's outside conversations included his attempt to bribe a witness into recanting her story. Given these facts, there is no clear error in the trial court's finding defendant committed misconduct. Thus, the trial court did not err when it sentenced defendant outside the terms of the *Killebrew* agreement.

## III. SENTENCING

Defendant next argues that the trial court abused its discretion by imposing a sentence that he believes was unreasonable and disproportionate. We agree.

-4-

## A. STANDARD OF REVIEW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "Resentencing will be required when a sentence is determined to be unreasonable." *Id*. "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). In examining the principle of proportionality, we consider whether the sentence imposed is proportional to "seriousness of the circumstances surrounding the offense and offender." *People v Posey*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162373); slip op at 4.

## B. LAW AND ANALYSIS

The minimum sentencing guidelines are advisory; however, those guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *Lockridge*, 498 Mich at 391. To determine if an upward departure is more proportionate than a sentence within the guidelines range, a trial court may consider factors including, but not limited to, "(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017). In making a proportionality determination, a trial court must "justify the sentence imposed in order to facilitate appellate review." *Lockridge*, 498 Mich at 392. "This includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008).

Under the sentencing guidelines, defendant's minimum sentencing range was 135 to 225 months' imprisonment.[3] Even so, the trial court sentenced defendant to concurrent terms of 50 to

---

[3] Although not argued by the parties, we note that under present caselaw, defendant in this case was not subject to a 25-year minimum sentence. In *People v Roy*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359894); slip op at 7, this Court held that "pursuant to MCL 750.520b(2)(b), a person 17 years old or older who is convicted of a CSC-I offense against a victim or victims under the age of 13 who receives a term-of-years sentence must be sentenced to a term of not less than a 25-year minimum sentence." Defendant in this case pleaded no contest under MCL 750.520b(1)(a). The 25-year minimum sentence has not yet been extended to defendants who are convicted under subsection (1)(a). But see *People v Keefe*, 498 Mich 962, 964; 872 NW2d 688 (2015) (MARKMAN, J., concurring) (questioning the practice of convicting defendants under MCL 750.520b(2)(b)).

80 years' imprisonment—a sentence that increased the minimum sentence by nearly 39 years. In justifying this severe departure, the trial court stated:

> I can give any sort of sentence I want, from zero days, credit for time served, all the way up to life in prison. All I need to do according to the Court of Appeals is give some reasons for what I'm going to do.
>
> I am going to sentence above the guidelines in this case. [I]t's clearly appropriate. It's proportionate. There is no argument whatsoever that it is not an appropriate sentence in this case. And I'll go through, for the Court of Appeals, I'll go through everything they want me to look at. The seriousness of the crime . . . [i]t may be worse than killing someone, because when they're dead, they're dead, and they don't suffer any longer. Now you have kids who I hope will get through this, I hope they're strong and they don't live the life of a victim. And I hope they . . . get through it. But it hurts family members.
>
> I mean, it's probably the worse [sic] crime that I can imagine. So, seriousness of [the] crime, . . . it's at the very top, it doesn't get worse. You . . . can't possibly score and take into effect all of this with the three victims that are added in, with the number of times, they . . . can't.
>
> So, it does not fully consider or calculate the crimes in this case. Protection of society, again, this is the ultimate . . . .
>
> *  *  *
>
> You're so compulsive, you can't follow the rule [sic]. There is the real fear here, because he's so compulsive that even when he knew he could give away that plea deal, even when he knew he could . . . he can't stop, he can't stop himself.
>
> Is he going to commit a crime again against children when he gets out of prison . . . he's going to, the only question is who it is going to be. So, as I said earlier, in most cases, my job is to help the person in front of me.
>
> In a very very few cases, my job is not to worry about the Defendant but to worry about everybody else. In this case, my job is to protect everybody else in my community as best I can. Protection of society, he doesn't get that, he won't follow the rules, he hasn't followed the rules, at all. And when he goes to prison, no matter what I put in this order, he is not gonna follow the rules. He will do whatever he can to get around the rules.
>
> Prior criminal history, any incarceration, he has criminal history. He has two prior felonies, three prior misdemeanors, so he has criminal history. He has been incarcerated, he has had some opportunities for rehabilitation, it . . . had fallen of [sic] def [sic] ears with him.
>
> Again, there is every reason to go above the guidelines in this case. It is not a question of will he commit again, it's when will he commit again and who will

be the next victim. And again, I think the best indicator of that are the actions that he's done since he's been in jail.

Even with very very clear—at the plea, I didn't want this to happen, and . . . I understand, I fully understand, it won't happen, I promise you it won't happen. And boom, immediately, there we go; multiple violations.

One thing I think is interested [sic] and I don't mean to be mean but I do . . . think it's important for the victims of this to understand, even [one victim's mother] understood, when she didn't want to come to law enforcement, and she wouldn't have probably about other crimes that he would have committed, even she knows there is a difference. Even people in prison, even people that murder people are in prison, they know the difference. That's why people with this criminal history, they go to prison, have a very difficult time. Cause [sic] even people that will kill people realize you don't hurt kids.

In short, the trial court based its sentencing decision on the seriousness of the offense, defendant's chances at recidivism, and his earlier failures at rehabilitation. While we agree these reasons are, generally speaking, appropriate considerations in justifying a departure sentence, see *People v Odom*, 327 Mich App 297, 315-316; 933 NW2d 719 (2019); *Walden*, 319 Mich App at 352-353, we do not agree that the trial court in this case adequately justified the magnitude of the departure sentence. The trial court provided no specific explanation why an almost 39-year departure was more appropriate than another departure of some greater or lesser amount. Again, in imposing a departure sentence, a trial court must provide "an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Smith*, 482 Mich at 311. The trial court abused its discretion in imposing this sentence because it failed to explain the extent of the departure. As such, defendant's sentences must be vacated and the matter remanded to the trial court for resentencing.

Vacated and remanded to the trial court for resentencing. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Thomas C. Cameron