*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TIMOTHY JAY BAIN,

Defendant-Appellant.

UNPUBLISHED
October 06, 2025
2:15 PM

No. 366860
Wayne Circuit Court
LC No. 21-005579-01-FH

Before: MALDONADO, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of operating while intoxicated (OWI), third offense, MCL 257.625(1)(b); MCL 257.625(9)(c). Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to serve one to five years' imprisonment. We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case began when defendant was stopped by the police for speeding at about 1 a.m. on Thursday, April 8, 2021. While conducting the stop, the officer noticed defendant was slurring his words and smelled alcohol on defendant's breath. When asked if he had been drinking, defendant denied doing so. The officer conducted three horizontal gaze nystagmus ("HGN") tests. During each test, the officer observed "jerkiness" in defendant's eyes. Before performing additional tests, defendant refused to continue, claiming he was not drunk. Defendant was arrested and, once a warrant was obtained, his blood was drawn for analysis.

Before trial, defendant moved twice to compel discovery from the prosecution. Specifically, defendant requested the underlying data of the blood analysis test from the Michigan State Police ("MSP") Forensic Laboratory. Defendant also moved to strike the prosecution's expert witness, the toxicologist who conducted defendant's blood analysis. While the trial court denied defendant's motion to strike, it did not rule on his motions to compel discovery. Additionally, the trial judge was reassigned the day the trial began; Judge Shannon N. Walker presided over the pretrial proceedings, but Judge Kevin J. Cox was assigned to conduct the trial. Defendant unsuccessfully objected to the reassignment, noting no order was entered pursuant to MCR 8.111(C).

During trial, defendant renewed his motion to strike the toxicologist's report and testimony, citing the underlying data not being admitted into evidence. Judge Cox denied his motion, stating he was going to follow Judge Walker's ruling, which denied defendant's motion to strike. Defendant later moved to disqualify Judge Cox, citing the lack of an order entered pursuant to MCR 8.111(C). The trial court did not address or rule on defendant's motion. Defendant was convicted of the crime charged. Defendant moved for a new trial on the grounds of ineffective assistance of counsel, but the trial court denied defendant's motion.[1] This appeal followed.

## II. DISCOVERY ISSUE

Defendant argues that he is entitled to reversal on the basis of the prosecution's failure to turn over the data underlying his toxicology results. We disagree.

Defendant's arguments are premised on MCL 257.625a(8), *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963), and MRE 703. The interpretation of statutes, allegations of *Brady* violations, and the interpretation of the rules of evidence are each reviewed de novo. *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 6696 (2004); *People v Christian*, 510 Mich 52, 75; 987 NW2d 29 (2022); *People v Edwards*, 328 Mich App 29, 34; 935 NW2d 419 (2019).

## A. STATUTORY DISCLOSURE DUTY

Defendant argues that the results of the chemical testing were rendered inadmissible by the prosecution's failure to comply with the applicable statutory disclosure requirements. MCL 257.625a(8) provides:

> If a chemical test . . . is administered, the test results must be made available to the person charged or the person's attorney upon written request to the prosecution, with a copy of the request filed with the court. The prosecution shall furnish the results at least 2 days before the day of the trial. The prosecution shall offer the test results as evidence in that trial. Failure to fully comply with the request bars the admission of the results into evidence by the prosecution.

The fatal flaw in defendant's argument is that this provision requires disclosure only of the *results*, not the data underlying the results. In *People v Lounsbery*, 246 Mich App 500, 507; 633 NW2d 434 (2001), the trial court held that the prosecution failed to comply with this statute because it never furnished a copy of the toxicology report. The prosecution appealed, and this Court held:

> In this case, the "result" or "outcome" of the toxicology analysis was the determination that Lounsbery's blood alcohol level was 0.15 grams of alcohol per one hundred milliliters of blood, which was above the legal limit. There is no question that the prosecutor communicated this "result" to Lounsbery more than

---

[1] Defendant also moved in this Court for a remand, but the motion was denied. *People v Bain*, unpublished order of the Court of Appeals, entered November 15, 2024 (Docket No. 366860).

two days before trial. Thus, the circuit court erred in concluding that the statute required the prosecutor to "furnish" a copy of the toxicology report. Rather, the statute only requires the prosecutor to "furnish" the test "results" more than two days before trial. [*Id*. at 507-508.]

The present case cannot be distinguished from *Lounsbery*. The "result" of the chemical testing referred to the finding that his BAC was 0.15. This result was communicated to defendant more than two days in advance of trial. Therefore, the prosecution complied with MCL 257.625a(8), and defendant is not entitled to reversal on this ground.

## B. *BRADY V MARYLAND*

Defendant argues that the prosecution's failure to furnish the data underlying the chemical testing warrants reversal as a *Brady* violation. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *People v Dimambro*, 318 Mich App 204, 212; 897 NW2d 233 (2016). "To establish a *Brady* violation, a defendant must show that: (1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) that is material." *Christian*, 510 Mich at 76 (quotation marks and citation omitted). Materiality means "that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' means a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citations omitted).

Defendant's *Brady* claim fails because he has presented us with no basis upon which to conclude that the data underlying the chemical testing would have been favorable to him. Repeated conclusory statements that the evidence was favorable is not sufficient to meet defendant's burden. Obviously, it is impossible to establish favorability if the evidence is never obtained. However, the record suggests that defendant has put forth no effort to obtain the evidence giving rise to this *Brady* claim at any point following his conviction. Defendant filed a postconviction motion to settle the record in which he sought production of the transcript from a pretrial motion hearing; however, he never sought an order compelling production of this data. Furthermore, defendant has not attempted to frame this argument as a failure to preserve *potentially exculpatory* evidence pursuant to *Arizona v Youngblood*, 488 US 1; 109 S Ct 333; 102 L Ed 2d 281 (1988). See *People v Anstey*, 476 Mich 436, 460-461; 719 NW2d 579 (2006) (explaining that "the government's failure to preserve potentially exculpatory evidence violates a criminal defendant's due process rights if the defendant can show bad faith on the part of the government").

Therefore, defendant cannot establish a violation of his constitutional right to due process arising from the prosecution's failure to disclose the data underlying his chemical testing.

## C. MRE 703

Defendant argues that he is entitled to reversal because the trial court violated MRE 703 by admitting expert testimony regarding defendant's blood alcohol level, which was determined by chemical testing, without also admitting the data underlying the test results. At the time of

defendant's trial, MRE 703 provided, "The facts or data in the particular case upon which an expert bases an opinion or inference shall be in evidence. This rule does not restrict the discretion of the court to receive expert opinion testimony subject to the condition that the factual bases of the opinion be admitted in evidence thereafter." MRE 703 "permits an expert's opinion only if that opinion is based exclusively on evidence that has been introduced into evidence in some way other than through the expert's hearsay testimony." *People v Fackelman*, 489 Mich 515, 534; 802 NW2d 552 (2011) (quotation marks and citation omitted).

In this case, forensic scientist Ryan Gifford testified regarding the testing performed on defendant's blood, and that defendant's blood alcohol content ("BAC") was 0.15 grams of alcohol per 100 milliliters of blood. Gifford testified that his analysis was based on documents containing various data points regarding gas chromatograms that were never admitted into evidence. But even if the trial court erred by admitting Gifford's testimony without the admission of those documents, that error would have been harmless because the lab report containing the results of the test, i.e., that his blood alcohol level was 0.15, was properly admitted as evidence at trial.[2] Pursuant to MCL 257.625a(6)(a), "[t]he amount of alcohol . . . in a driver's blood . . . at the time alleged as shown by chemical analysis of the person's blood, urine, or breath is admissible into evidence in any civil or criminal proceeding and is presumed to be the same as at the time the person operated the vehicle." And, pursuant to MCL 257.625a(8), the prosecution was *required* to offer the results of the blood test as evidence at trial, which is precisely what happened in this case. While MCL 257.625a plainly states that the amount of alcohol in a defendant's blood *is* admissible as evidence in a criminal proceeding, and that the prosecution *shall* offer the test results as evidence at trial, the statute says nothing about the underlying data. Although defendant objected to the admission of the lab report as evidence by arguing, *inter alia*, that it was hearsay, the trial court correctly overruled that objection.[3]

## III. JUDICIAL REASSIGNMENT

Defendant argues that he is entitled to a new trial because his case was assigned to a new judge on the first day of trial. We agree with defendant's contention that the last-minute reassignment violated the relevant court rule, but we disagree with his contention that this error warrants reversal.

At the outset, we note an incongruity between defendant's argument and its framing. In his statement of the questions presented, defendant suggests that he was deprived of his constitutional right to be tried before an impartial tribunal. In the trial court, in addition to the last-minute substitution, defendant supported this framing with unsubstantiated accusations of improper ex parte communications between the original judge and the prosecutor. However, this line of argument has been abandoned on appeal. On appeal, aside from a cursory reference to the

---

[2] To be clear, we are not suggesting that the expert's opinion in this matter should have been disallowed pursuant to MRE 703; rather, we need not address that issue because, even if the admission of that evidence was error, such error was harmless.

[3] Although the trial court did not explain its ruling, the lab report is admissible pursuant to MCL 257.625a.

constitutional right to an impartial tribunal in the first sentence of his argument, there are no references to the right to an impartial tribunal or due process in general. Instead, the actual thrust of defendant's argument is that he was prejudiced by the court's alleged violation of the reassignment procedures.

"The interpretation of court rules is a question of law that this Court reviews de novo." *People v Walters*, 266 Mich App 341, 346; 700 NW2d 424 (2005).

MCR 8.111(C)(1) describes the procedure for reassignment of a case to a new judge. It provides:

> If a judge is disqualified or for other good cause cannot undertake an assigned case, the chief judge may reassign it to another judge by a written order stating the reason. To the extent feasible, the alternate judge should be selected by lot. The chief judge shall file the order with the trial court clerk and have the clerk notify the attorneys of record. The chief judge may also designate a judge to act temporarily until a case is reassigned or during a temporary absence of a judge to whom a case has been assigned.

"MCR 8.111(C) . . . was intended to prevent judge shopping, to avoid the appearance of impropriety, and to equally distribute the workload of a court among the [judges] elected to that court." *People v Montrose (After Remand)*, 201 Mich App 378, 380 n 1; 506 NW2d 565 (1993).

It is apparent from the record that the trial court violated MCR 8.111(C)(1) by failing to select a new judge by lot and by failing to enter a written order stating the reason for the reassignment. However, defendant is required to show prejudice as a result of an improper reassignment. *People v McCline*, 442 Mich 127, 133-134; 499 NW2d 341 (1993); see also MCL 769.26 (stating that a verdict cannot be set aside unless "it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice"). Defendant argues that he was prejudiced because the new judge was unwilling to revisit the original judge's rulings. However, if the case had not been reassigned, then defendant would have been in the same place with respect to the original judge's ruling. Defendant also argues that the new judge misinterpreted the original judge's ruling on the toxicology expert. According to defendant, the judge "took [the ruling] to mean that trial counsel could not cross-examine the toxicologist about the underlying facts and data." This is unsupported by the record; Gifford was thoroughly cross-examined regarding the underlying facts and data. Therefore, defendant is not entitled to relief on this issue.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Randy J. Wallace

-5-