*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANIBAL R. VASQUEZ-DELEON,

        Defendant-Appellant.

UNPUBLISHED
February 12, 2025
11:27 AM

Nos. 365653; 365654
Kent Circuit Court
LC Nos. 21-007182-FC; 21-007184-FH

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant was convicted by a jury of the following: in case number 21-007182-FC, first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (penile-anal penetration with a child under 13 years of age); CSC-I, MCL 750.520b(1)(a) (digital-vaginal penetration with a child under 13 years of age); and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with a child under 13 years of age); in case number 21-007184-FH, one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (penile-vaginal penetration with someone at least 13 years old but under 16 years old). The trial court sentenced defendant to serve 300 to 450 months for each of his CSC-I convictions; 60 to 180 months for each of his CSC-II convictions, and 78 to 180 months for his CSC-III conviction. Defendant appeals as of right in these consolidated cases,[1] and for the reasons set forth in this opinion, we affirm his convictions but remand to the trial court for the ministerial task of correcting defendant's presentence investigation report (PSIR) and sentencing guidelines score for Offense Variable (OV) 11.

## I. FACTS AND PROCEEDINGS

Defendant was the stepfather and uncle to the victims, VCV and VR, respectively. Regarding VCV, when she was younger than 10 years old, defendant woke her up on one occasion

---

[1] *People v Vasquez-Deleon*, unpublished order of the Court of Appeals, entered April 25, 2023 (Docket Nos. 365653 and 365654).

and touched and digitally penetrated her vagina. VCV testified that, on another occasion, defendant anally penetrated her with his penis. VR testified that when she was between 14 and 16 years old, defendant rubbed his penis inside of her labia. Another of defendant's nieces, DV, testified, pursuant to MCL 768.27a, that when she was six or seven years old, defendant anally penetrated her with his penis.[2]

Pursuant to the prosecution's motion, and over defendant's objection, the trial court joined defendant's cases pursuant to MCR 6.120. Defendant was convicted and sentenced, as stated earlier. Defendant raised challenges to the accuracy of his PSIR and assorted OVs before sentencing. However, because of equipment failure, defendant's original sentencing hearing was not recorded; ultimately defendant was resentenced, but the evaluation and resolution of defendant's challenges to the PSIR and OVs were not memorialized. Defendant now appeals.

## II. EVIDENTIARY CHALLENGES

Defendant first argues that DV's allegations and testimony, which were admitted pursuant to MCL 768.27a, were improperly admitted, and that testimony about defendant's prior acts of domestic violence were improperly admitted pursuant to MRE 404(b).[3] We address these matters separately.

## A. STANDARDS OF REVIEW

"A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. Preliminary questions of law, including whether a rule of evidence precludes the admission of evidence, are reviewed de novo." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013) (citations omitted). See also *People v Barrera*, 451 Mich 261, 269; 547 NW2d 280 (1996). "An abuse of discretion occurs when a decision falls outside the range of reasonable and principled outcomes, and a trial court necessarily abuses its discretion when it makes an error of law." *People v Zitka*, 325 Mich App 38, 43-44; 922 NW2d 696 (2018) (quotation marks, citations, and alterations omitted).

Under the harmless-error rule set forth in MCL 769.26, it is presumed that preserved, nonconstitutional error—such as evidentiary error—is harmless, and to

---

[2] Defendant was originally charged with the following: regarding VCV, two counts of CSC-I, MCL 750.520b(1)(a) (penile-anal penetration with a child under 13 years of age); and two counts of CSC-II, MCL 750.520c(1)(a) (sexual contact with a child under 13 years of age); regarding VR, one count of CSC-III, MCL 750.520d(1)(a) (penile-vaginal penetration with someone at least 13 years of age but under 16 years of age); and one count of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a) (sexual contact with someone at least 13 years of age but under 16 years of age). However, following the victims' testimonies, the prosecution amended defendant's charges midtrial to reflect the evidence presented.

[3] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. See ADM File No. 2021-10, 512 Mich lxiii (2023). We rely on the version of the rules in effect at the time of trial.

overcome that presumption the appellant bears the burden of demonstrating, on the strength of the entire record, that it is more probable than not that the error was outcome determinative. [*People v Propp (On Remand)*, 340 Mich App 652, 661-662; 987 NW2d 888 (2022), aff'd ___ Mich ___; 15 NW3d 591 (2025) (quotation marks and citation omitted).]

## B.  TESTIMONY PURSUANT TO MCL 768.27a

Defendant asserts that the trial court erred by admitting DV's testimony pursuant to MCL 768.27a because her allegations involved sufficiently dissimilar circumstances, she was not needed to corroborate the victims in this matter because the two victims were able to corroborate each other, and her testimony was unfairly prejudicial pursuant to MRE 403.

MCL 768.27a(1) states that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." "This allows the prosecution to offer evidence of another sexual offense committed by the defendant against a minor without having to justify its admission under MRE 404(b)." *People v Solloway*, 316 Mich App 174, 192; 891 NW2d 255 (2016). However, "[r]elevant evidence that is admissible under MCL 768.27a may still be excluded under MRE 403." *Id*. at 193, citing *People v Watkins*, 491 Mich 450, 481; 818 NW2d 296 (2012). "[W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. When determining whether such evidence should be excluded, trial courts are to consider the following illustrative list, the so-called *Watkins* factors:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

Regarding the *Watkins* factors, all three victims, who were related to defendant, asserted that defendant sexually assaulted them while they were minors and were living in the same residence as defendant. Defendant took advantage of moments when the victims were isolated to commit the sexual assaults, despite other family members living in the residence. The assaults occurred approximately in 2011 for VR, between 2014 and 2015 for DV, and spanning between 2009 and 2014 for VCV. No record evidence was presented that undermines the credibility of DV's assertions, and DV's testimony served to bolster VCV's and VR's testimonies as this matter amounted to a credibility contest with no other persons who witnessed the sexual assaults. Therefore, the majority of the *Watkins* factors favored the admissibility of DV's testimony pursuant to MCL 768.27a. Moreover, although DV's testimony would have clearly been prejudicial, see *People v Danto*, 294 Mich App 596, 600; 822 NW2d 600 (2011), the effect of that prejudice did not outweigh the probative value of DV's testimony in providing further corroboration to VCV's and VR's testimonies. See MRE 403.

## C. TESTIMONY REGARDING DOMESTIC VIOLENCE PURSUANT TO MRE 404(b)

Defendant next argues that the trial court erred by allowing testimony pursuant to MRE 404(b) regarding defendant's alleged prior acts of domestic violence. Specifically, defendant asserts that the prosecution provided improper notice and that the evidence was not relevant and unfairly prejudicial.

The record before us indicates that the prosecution provided defendant its notice of intent to use other-acts evidence the day before trial, but it asserted to the trial court that the notice was provided as a precautionary measure and that issues of domestic violence would not be presented pursuant to MRE 404(b), but instead would be used to establish the victims' hesitancy to disclose their sexual assaults, which was done out of fear that defendant would hit VCV's mother as a result. Defendant opposed the introduction into evidence of any testimony regarding alleged domestic violence, but the trial court found that the matter was relevant for the prosecution to explain VCV's late disclosure in this matter. Both VCV and her mother testified that defendant was physically abusive to VCV's mother and that VCV did not immediately disclose her sexual assaults out of fear that defendant would hit VCV's mother as a result. The trial court also provided the jury limiting instructions.

It is clear that the prosecution did not comply with the requirements of MRE 404(b)(2) by failing to give the requisite 14 days' notice, and the trial court abused its discretion by admitting such evidence because the prosecution also offered no good cause for the delay.[4] See *People v Jackson*, 498 Mich 246, 261; 869 NW2d 253 (2015). Although procedurally inadmissible, the testimony regarding defendant's prior acts of domestic violence nonetheless satisfied the requirements of MRE 404(b) as it was offered to establish an explanation for VCV's late disclosure and to bolster her credibility, and the trial court provided the jury appropriate limiting instructions. See *People v Felton*, 326 Mich App 412, 425; 928 NW2d 307 (2018). Regardless, defendant has not met his "burden of demonstrating, on the strength of the entire record, that it is more probable than not that the error was outcome determinative." *Propp*, 340 Mich App at 661-662 (quotation marks and citation omitted).

Even if the trial court erred by admitting the evidence pursuant to MRE 404(b), it was nevertheless admissible pursuant to MCL 768.27b(1), which states:

> in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

"[W]hen a defendant is charged with an offense involving sexual assault—evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible

---

[4] The notice requirement is now found at MRE 404(b)(3)(c).

under MCL 768.27b(1)" "so long as the evidence is not excluded by MCL 768.27b(4)[5] or MRE 403, and is relevant." *People v Berklund*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367568); slip op at 5, 7.

The testimony regarding defendant's prior acts of domestic violence was relevant as it was offered to establish an explanation for VCV's late disclosure and to bolster her credibility. Moreover, "it is not apparent that the evidence will be unfairly prejudicial (particularly in light of a limiting instruction) . . . ." *Id*. at ___; slip op at 11.

## III. JOINDER OF DEFENDANT'S CASES

Defendant next argues that the trial court abused its discretion when it joined defendant's two criminal cases pursuant to MCR 6.120. Specifically, defendant asserts that the only similarity between the two victims is that they were sexually assaulted and that they are cousins; otherwise, the facts of the incidents do not evidence a common scheme or plan pursuant to MCR 6.120, and joinder was not appropriate.

When evaluating whether joinder of two cases is permissible, the trial court must first "find the relevant facts and then must decide whether those facts constitute 'related' offenses for which joinder is appropriate," which involves "a mixed question of fact and law" and, therefore, "is subject to both a clear error and a de novo standard of review." *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009). Clear error exists when this Court is "left with a definite and firm conviction that a mistake was made." *People v Abbott (On Remand)*, 330 Mich App 648, 654; 950 NW2d 478 (2019). "However, the ultimate decision on permissive joinder of related charges lies firmly within the discretion of trial courts." *People v Gaines*, 306 Mich App 289, 304; 856 NW2d 222 (2014) (quotation marks and citation omitted).

Regarding joinder of cases when there is a single defendant, MCR 6.120 states in pertinent part:

(B) Postcharging Permissive Joinder or Severance. On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in subrule (C), the court may join offenses charged in two or more informations or indictments against a single defendant . . . when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense.

(1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on

(a) the same conduct or transaction, or

(b) a series of connected acts, or

---

[5] Neither party asserts that the exception within MCL 768.27b(4) applies.

(c) a series of acts constituting parts of a single scheme or plan.

(2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

As to the other relevant factors, this Court has previously noted:

The facts were not complex and presented little potential for confusion. Because defendant's actions against each victim were admissible in each case pursuant to MCL 768.27a, each victim would have been required to testify in each trial if the cases were tried separately. Joinder offered convenience to the victims . . . . [*Gaines*, 306 Mich App at 305.]

The record established that defendant victimized VCV, VR, and DV while they were living in the same house, and defendant took advantage of moments when he could isolate them. Although these sexual assaults constitute separate incidents, they represent a "series of acts constituting parts of a single scheme or plan." MCR 6.120(B)(1)(c). Furthermore, much like in *Gaines*, the facts in this matter were not complex; presented little potential for confusion; and the testimonies of VCV, VR, and DV would have been admissible pursuant to MCL 768.27a had the trials been conducted separately. The trial court did not abuse its discretion when it joined defendant's criminal cases for trial.

## IV. 25-YEAR MANDATORY MINIMUM SENTENCE

Defendant next argues that the statutory mandatory 25-year minimum sentence for a CSC-I conviction pursuant to MCL 750.520b(2) when the offender was 17 years of age or older and the victim was less than 13 years of age is both facially unconstitutional and unconstitutional as applied to him. Defendant did not raise this challenge in the trial court; therefore, it is not preserved for appellate review. See *People v Wiley*, 324 Mich App 130, 150; 919 NW2d 802 (2018). "Unpreserved challenges to the constitutionality of a statute . . . are reviewed for plain error." *People v Lawhorn*, 320 Mich App 194, 197 n 1; 907 NW2d 832 (2017) (citation omitted).

As defendant acknowledges, this argument has already been rejected in *People v Benton*, 294 Mich App 191, 203-207; 817 NW2d 599 (2011), and its holding controls here. See MCR 7.215(C)(2); (J)(1). For the reasons articulated in *Benton*, defendant's argument fails.

## V. PRESENTENCE INVESTIGATION REPORT AND OV 11

Defendant lastly argues that his PSIR contains inaccurate information regarding the date of conviction and that OV 11 was incorrectly scored. According to the prosecution, defendant is not challenging on appeal the accuracy of the agent's description of the offense in the PSIR, and therefore, it is presumed accurate and supports the scoring of OV 11 for Counts 2 and 3 regarding VCV.

"This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion." *People v Uphaus (On Remand)*, 278 Mich App 174, 181; 748 NW2d 899 (2008). The circuit court's factual determinations supporting the scoring of a defendant's sentencing guidelines must be supported by a preponderance of the evidence. *People v Dixon*, 509 Mich 170, 177; 983 NW2d 385 (2022). "This Court reviews for clear error a trial court's findings in support of a particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v McFarlane*, 325 Mich App 507, 531-532; 926 NW2d 339 (2018).

MCL 771.14(6) states, in pertinent part:

> At the time of sentencing, either party may challenge, on the record, the accuracy or relevancy of any information contained in the presentence investigation report. The court may order an adjournment to permit the parties to prepare a challenge or a response to a challenge. If the court finds on the record that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record, the presentence investigation report shall be amended, and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of corrections.

The information in a defendant's PSIR "is presumed to be accurate, and the defendant has the burden of going forward with an effective challenge, but upon assertion of a challenge to the factual accuracy of information, a court has a duty to resolve the challenge." *People v Lampe*, 327 Mich App 104, 120; 933 NW2d 314 (2019) (quotation marks and citation omitted). This "presumption of accuracy applies only to *unchallenged* information." *People v Maben*, 313 Mich App 545, 554; 884 NW2d 314 (2015) (emphasis added). "Once a defendant effectively challenges a factual assertion, the prosecutor has the burden to prove the fact by a preponderance of the evidence." *Lampe*, 327 Mich App at 120 (quotation marks and citation omitted). "If the court finds that challenged information is inaccurate or irrelevant, that finding must be made part of the record and the information must be corrected or stricken from the report." *Id*. (quotation marks and citation omitted). As this Court has further summarized:

> A sentencing court must respond to challenges to the accuracy of information in a presentence report; however, the court has wide latitude in responding to these challenges. The trial court may determine that the challenged information is accurate, accept the defendant's version, or disregard the challenged information as irrelevant. If the court chooses to disregard the challenged information, it must indicate that it did not consider the information when fashioning the sentence and it must strike the information from the PSIR. [*People v Lucey*, 287 Mich App 267, 275; 787 NW2d 133 (2010) (quotation marks and citations omitted).]

In the trial court, defendant specifically challenged the agent's description of the offense in the PSIR before his original sentencing hearing, asserting that the agent merely regurgitated the statements in the police incident report and failed to note that defendant's charges changed on the basis of testimony presented at the preliminary examination and at trial. Furthermore, defendant challenged the basis for assessing OV 11, among others. These challenges went unaddressed by

both the prosecution and the trial court at defendant's resentencing, and there is no record of what transpired at defendant's original sentencing hearing.

Defendant's PSIR states that he was convicted on January 9, 2023; the parties agree, and we concur, that the record reflects that defendant was actually convicted on January 13, 2023. Therefore, the trial court abused its discretion by not correcting this error.

Defendant was assessed the following points for OV 11: under Count 1, CSC-I, 50 points; for Count 2, CSC-I, 25 points; and for Count 3, CSC-II, 50 points. These three convictions concern defendant's sexual assault of VCV. Regarding the scoring of OV 11, 50 points is appropriate when "[t]wo or more criminal sexual penetrations occurred," MCL 777.41(1)(a), and 25 points is appropriate when "[o]ne criminal sexual penetration occurred," MCL 777.41(1)(b), but points should not be assessed for the "penetration that forms the basis of a first- or third-degree criminal sexual conduct offense," MCL 777.41(2)(c).

The agent's description of the offense in the PSIR asserts that, during the garage incident, which served as the basis for Count 1, defendant anally penetrated VCV with his penis; VCV's testimony at trial was consistent with this description. There is no other record evidence indicating that additional penetrations occurred. Therefore, the trial court erred by finding that two or more criminal penetrations occurred for purposes of OV 11 under Count 1.

Regarding the factual basis for Counts 2 and 3, the agent's description of the offense in the PSIR asserts that, when VCV was awoken in bed, defendant digitally penetrated her vagina, then he penetrated her vaginally and anally with his penis. At trial, however, VCV testified that during this incident defendant touched her vagina and digitally penetrated her; the prosecution amended defendant's charges midtrial to reflect this single penetration. Defendant challenged his assessments of OV 11 before sentencing, and the burden would have then shifted to the prosecution to establish, by a preponderance of the evidence, that a factual basis for assessing OV 11 in this regard existed; the record does not contain the prosecution's position on the matter, and, because the agent's description was challenged, it does not enjoy a presumption of accuracy. See *Maben*, 313 Mich App at 554. Because VCV's trial testimony contradicted the agent's description in the PSIR regarding the number of penetrations that occurred during this incident, the trial court abused its discretion by not amending the PSIR to be consistent with VCV's testimony.

As defendant recognizes, because correcting OV 11 for defendant's convictions would not alter his minimum guidelines ranges, particularly with regard to his statutory mandatory minimum sentences, defendant is not entitled to resentencing. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Nevertheless, we remand this matter to the trial court for the ministerial task of correcting the scoring of OV 11 and defendant's conviction date in defendant's PSIR. See *People v Charboneau*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364596); slip op at 10; *People v Baskerville*, 333 Mich App 276, 302-303; 963 NW2d 620 (2020).

Affirmed in part and remanded in part for correction of defendant's PSIR and guidelines score.  We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray